## Commonwealth Electric Co. v. David Melville, by His Next Friend.

1. LICENSEES—*One Licensee May Not Make Premises Dangerous to Others.*—One licensee is not authorized by his license to make the premises dangerous to other licensees having no knowledge or reason to expect the existence of such danger, by locating its wires in ways not authorized by city ordinance.

Commonwealth Electric Co. v. Melville.

2. ELECTRIC WIRES—*Duty of Company Conveying Electricity upon Public Property.*—It is the duty of a company maintaining electric wires upon public property to take reasonable precautions against injuring persons lawfully there, and the duty extends to all who have a right of any kind to come upon the place to which the wires are attached.

3. SAME—*Liability for Injury by Electricity Not Dependent Solely upon the Relation of the Parties.*—The question of liability for injury by electricity is not dependent solely upon the relation of the parties.

4. NEGLIGENCE—*A Question for the Jury.*—The question of negligence is one of fact for the jury.

5. SAME—*Occupant of Premises Responsible for Injuries from Failure to Keep Premises in Repair.*—The occupant of premises is responsible for injuries inflicted upon another by reason of his neglect or failure to keep the premises or at least the portion of them occupied by him, in repair.

6. ·INSTRUCTIONS—*Not Error to Refuse When Same Propositions Are Contained in Others Given.*—It is not error to refuse an instruction when all there is proper in it is contained in another instruction which is given.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed October 30, 1903.

This is an action to recover for personal injuries. Appellee, a boy fourteen years of age, received the injuries complained of from contact with an electrified lead cable containing an insulating preparation covering a live copper wire. The place where the accident occurred was under a wooden sidewalk on Ogden avenue, Chicago. The cable had been located there for a period of from eight to twelve years, and was maintained by virtue of an ordinance of the city which conferred upon appellant the right to maintain wires and cables underneath streets and sidewalks. At the point referred to, the sidewalk was about five feet above the level of the adjacent lot. On the street side, the walk extended to the curbstone, and access to the wire could be had only from the lot adjoining, which was vacant. There was a large bill-board rising some fifteen or twenty feet above the walk, located at or near the inner or lot side of the walk and extending the width of the lot. The bottom

of this bill-board was sufficiently far from the sidewalk to allow persons to crawl under it and drop into the lot. One standing in the lot could readily look under the sidewalk, which was, it is said, about nine feet wide.

The cable containing the wire ran along in immediate proximity to the curbstone, and was attached to the stringers of the sidewalk near the top of the vacant space beneath. The insulation intended to prevent contact with the wire was inside the lead cable and between the latter and the electrified wire. The accident occurred on a rainy day, when, by reason of the moisture, there is liability that the wire, if from any cause the insulation is worn off, may become "grounded," that is, connected with the earth, thus establishing a ground circuit. This seems to have been the condition existing at the time and place where the accident occurred. In some way the lead cable and insulating material had been penetrated and the copper wire exposed, so that, whether by reason of the moisture or some other cause, electricity from the wire was communicated to the lead cable, which, being a conductor, became itself electrified. This condition existed for about a hundred yards along the cable, and where the latter came in contact with wood, smoke and fire were likely to be produced.

Appellee, a boy of fourteen years of age, passing along on the opposite side of the street with his mother, saw smoke coming up from beneath the sidewalk and people gathering. Leaving his mother he joined the increasing crowd, some of whom were endeavoring to extinguish the fire. Appellee, with several other boys, crawled underneath the bill-board into the vacant lot. The point at which there was most smoke and fire was under the walk in front of a barber shop adjoining. Two or three of the boys walked under the sidewalk and looked through the partition separating the space under the walk in front of the barber shop from that in front of the vacant lot. In doing this appellee claims to have slipped, and to save himself from falling, threw up his hand, catching hold of the cable, which, being highly electrified, burned his hand severely, causing the

injuries complained of.   There was no break or abrasion in
the cable at the point where he grasped it, and nothing
apparently visible there to indicate that it was itself charged,
and that contact with it would be dangerous.   In fact it
would probably have been safe to handle except for the
ground circuit, which had made it a dangerous conductor
of electric fluid instead of a protecting cover to the copper
wire within.

It appears that the day before the accident there had
been a grounding of the current at or near this point, and
appellant had sent men to fix it, which they did, reporting
everything all right.   On the day in question, notice that
the cable was again grounded reached appellant late in the
afternoon and within two hours thereafter it is said that
men were on the scene to correct the trouble.   They found
a break in the lead, which was the cause of the difficulty,
resulting in the injury complained of.   The defect repaired,
the rest of the cable in front of the vacant lot was again, it
is said, in good condition.

F. J. CANTY and J. A. BLOOMINGSTON, attorneys for appel-
lant.

The plaintiff, if a trespasser or mere licensee on the prop-
erty, was a mere licensee as to the defendant's wires.   The
American Advertising and Bill Posting Co. v. Flannigan,
100 Ill. App. 452.

The owner of electric wires is under no obligation to
guard them or to insulate them at all, so as to prevent
injury to trespassers or mere licensees.   Hector v. The Bos-
ton Electric Light Co., 54 N. E. Rep. 539; Sullivan v. Bos-
ton & Albany R. R. Co., 31 N. E. Rep. 128; Augusta Ry.
Co. v. Andrews, 16 S. E. Rep. 203.

The owner of electric wires at unexposed and unprotected
places is not required to use the highest degree of care, but
only ordinary care.   The degree of care to be exercised
should be commensurate with the probability of people
coming in contact therewith.

The plaintiff was guilty of contributory negligence as a

matter of law, for he admits going where he had no business
to be, and out of curiosity. City of Pekin v. McMahon
154 Ill. 141; Heimann v. Kinnare, 190 Ill. 156.

ELA, GROVER & GRAVES, attorneys for appellee.

Appellant is held to the highest degree of care in the
protection and insulation of its electric light wires, on
account of the very dangerous character thereof, and is lia-
ble for appellee's injury, independent of the question of
whether appellee was or was not upon a public street at the
time he was injured, and independent of all contractual
relations between the parties or the city. Keasby on Elec-
tric Wires, Sec. 231–239, 243, 244, 245, 247, 251, and cases
there cited; Farrant v. Barnes, 11 C. B. (N. S.), 553; R. R.
Co. v. Shanly, 107 Mass. 568; Smith v. Boston Gaslight Co.,
129 Mass. 318; Pollock on Torts, 407–413; Van Winkle v.
American Steam Boiler Co., 52 N. J. Law, 240; 19 Atl.
Rep. 472; Heaven v. Pender, 11 Q. B. Div. 503, 509; Trus-
sell v. Handyside & Co., 20 Q. B. Div. 359, 363; Clements
v. Louisiana Light Co., 44 La. Ann. 692; 11 S. Rep. 51; 4 Am.
El. Cas. 381; McLaughlin v. Louisville Light Co., 37 S. W.
Rep. 851; 6 Am. El. Cases, 255; Gremnis' Admr. v. Electric
Light Co., 49 S. W. Rep. 184; Overall v. Same, 47 S. W.
Rep. 442.

The defective wire in question was, considering the
natural and probable results of such defective condition,
not only an attractive object to children, but did in fact
attract appellee and several other children to the place
where he was injured, and, in legal effect, appellant held
out an implied invitation to appellee to come near it. City
of Pekin v. McMahon, 154 Ill. 141.

Appellee was neither a trespasser nor a licensee, but was
rightfully and lawfully upon a public street of the city of
Chicago when injured, and entitled to the same protection
as any citizen in any lawful occupation upon such street.
Suburban E. Co. v. Nugent, 32 L. R. A. 700; Chicago v.
Keefe, 114 Ill. 222; Donoho v. Vulcan Iron Works, 7 Mo.
App. 447, and same case in 75 Mo. 402; Sutton v. Town of

Commonwealth Electric Co. v. Melville.

Wauwatosa, 29 Wis. 22; Wharton on Negligence (2d Ed.), Sec. 995; Hardy v. Keene, 52 N. H. 370; Kunkel v. City of Chicago, 37 Ill. App. 326; Cincinnati v. White, 6 Peters, 431; Dillon's Municipal Corp., Sec. 688; Lewis, Eminent Domain, Sec. 126.

The age, capacity and discretion of a child to avoid danger are questions for the jury, to be determined by the degree of capacity and discretion the child is found to possess in any given case. While the age is a factor to be considered, there is no inflexible rule in that respect. R. R. Co. v. Becker, 76 Ill. 25; R. R. Co. v. Delaney, 82 Ill. 198; R. R. Co. v. Slater, 129 Ill. 91; R. R. Co. v. Roemer, 59 Ill. App. 97; City of Pekin v. McMahon, 154 Ill. 141.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is claimed in behalf of appellant that the boy "was a trespasser, or at best a mere licensee," when injured, and that appellant owed him no further duty than not to maliciously injure him. The basis of the contention is that the space underneath the sidewalk was private property of the city, not open to use or occupation by the public. There is evidence tending to show that the vacant lot in front of which the accident occurred was not infrequently used as a playground by boys of the neighborhood, that some of these were frequently in the habit of going under the sidewalk in the course of their play after a ball or for other reasons, and that there was no fence at the rear of the lot. It is doubtless true that the space underneath the sidewalk was not intended for ordinary public use, nevertheless the place was left open and accessible from the private property adjoining, without barrier or other notice to prevent boys at play, or others, from going under for shelter perchance, for a stray ball, or from mere curiosity, where, as in this instance, the presence of smoke or fire invited investigation as to its cause and extent. If appellant was under no obligation or duty to use ordinary care and skill toward appellee then it is not liable to him for the want of it. Gibson v. Leonard, 143 Ill. 182, 189. As it is said in that

case, "the owner of land and buildings assumes no duty to
one who is on his premises by permission only, and as a
mere licensee, except that he will refrain from willful or
affirmative acts which are injurious." But appellant was
not the owner of the premises where appellee was injured.
It, too, was a mere licensee, and its license did not authorize
it to make the premises dangerous to other licensees having
no knowledge or reason to expect the existence of such
danger, by locating its wires in ways not authorized by city
ordinances. Appellant was not given, by the ordinance, any
exclusive right to use the space under sidewalks for its lines
of wire any more than "through, upon, over and under the
streets, avenues, alleys," etc., as provided by the ordinance.
The general rule is that the occupant is responsible for
injuries inflicted upon another by reason of the neglect or
failure to keep the premises, or at least the portion so occu-
pied by him, in repair. West Chicago Masonic Ass'n v.
Cohn, 192 Ill. 210, 218. Appellee was not a licensee of
appellant nor a trespasser upon its premises. The license
given by the city ordinance gave appellant the right to
maintain and operate its wires under the sidewalk, not,
however, in such a manner as to exclude others therefrom
or make it dangerous for those lawfully going there. The
wire in this case was maintained upon public property and
it was the duty of appellant to take reasonable precautions
against injuring persons lawfully there, and the duty
extends to all who have the right of any kind to come upon
the place to which the wires are attached. Keasby on
Electric Wires, p. 274. In this case the danger was con-
cealed. There was nothing in the appearance of the cable
to indicate to one not an expert that it was itself charged
with the electric current, which it was intended to insulate.
The facts are very different from those in Sullivan v. Bos-
ton & A. R. Co., 31 N. E. Rep. 128, where the defendant
was the owner of the premises and "had a right to arrange
and use its property in any lawful manner," and owed the
deceased "no duty with respect to it, except to refrain from
setting a trap for him and from doing him intentional or

Commonwealth Electric Co. v. Melville. .

wanton harm." In the case before us appellant knew that the current was liable to be grounded at this particular place, for it had occurred before. It knew, or ought to have known, that the place was easily accessible, and liable to be visited by persons having no knowledge that an electric cable was there. It knew, or ought to have known, that when the current was "grounded," contact with the cable was dangerous, and that such danger might not be apparent to ordinary observation. The question of liability for injury by electricity is not dependent solely upon the relation of the parties. Keasby on Electric Wires, Sec. 237–251. Our attention has not been called to any cases which hold that under such conditions the fact that the person injured was only a licensee, exempted another licensee from liability where liability for negligence would otherwise exist. The question of negligence was for the jury. See Griffin v. United Electric Light Company, 164 Mass. 492.

It is claimed that the trial court erred in refusing certain instructions, one of which stated that a child of seven years of age may be guilty of contributory negligence, and that if the plaintiff was not exercising such care as could be reasonably expected from a child of his age and intelligence, and such lack of care contributed to the injury, the verdict should be for the defendant; citing City of Pekin v. McMahon, 154 Ill. 141–154. All that was proper in the instruction was given in another instruction at appellant's instance, and there was no error in refusing the one referred to.

It is not seriously urged that appellant was guilty of no negligence in leaving the cable exposed as it was under the conditions existing, but it is said that the verdict for $5,000 was so excessive as to indicate passion and prejudice in the jury. The court required a remittitur reducing the amount to $3,500. We can not regard the view of the jury as to the proper amount to be awarded for damages in this case as indicative of any improper feeling. There is room for a legitimate difference of opinion under the evidence. We are better satisfied with the amount of the judgment as

entered than we might have been with the larger sum, but are unable to find any sound reason for reversing the judgment on account of the view taken by the jury.

Other points are raised which in view of what we have said need not be specifically discussed. Finding no error in the judgment, it must be affirmed.