DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1919.

Ralph C. Austin, Administrator, Appellant, v. Public Service Company of Northern Illinois, Appellee.

### Gen. No. 6,661.

1. DEATH, § 71*—*when questions of negligence of defendant and ordinary care of deceased are for jury.* In an action to recover for a death alleged to have been caused by defendant's negligence, it is not the province of the trial court nor of the Appellate Court to determine whether the facts shown establish a case of negligence of defendant and ordinary care by deceased, such questions being questions of fact and not of law, unless the answer is so clear that there is no ground for reasonable difference of opinion.

2. NEGLIGENCE, § 131*—*what is question to be determined in negligence case.* The question to be determined in a case based on negligence is whether the degree of care exercised measures up to the standard of ordinarily prudent men as they usually act under the same or similar circumstances.

3. TRIAL, § 194*—*when direction of verdict for defendant is not warranted.* The directing of a verdict for the defendant is not warranted merely because the court would feel bound to grant a new trial were one returned for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. TRIAL, § 216*—*how evidence considered on motion to direct verdict*. All just inferences to be drawn from the evidence must be conceded to the plaintiff.

5. TRIAL, § 154*—*drawing of inferences from facts proved as for jury*. The drawing of inferences of fact from facts proved is for the jury and not for the court.

6. ELECTRICITY, § 21*—*when defense that deceased was trespasser, or mere licensee not available*. An electric company which, merely by sufferance of the public authorities and without other right or claim of right, installs its wires on poles bolted to a public bridge in such a manner that after they sag they can be reached by one walking on top of the span, cannot base its defense to an action against it to recover for the death of a boy killed by grasping an uninsulated charged wire while he was walking on top of the span, which was readily accessible by reason of its angling end-beams, on the ground that the boy was a trespasser or mere licensee to whom it owed no duty except not to injure him wantonly.

7. ELECTRICITY, § 28*—*when contributory negligence of deceased is for jury*. In an action to recover damages for the death of a boy killed by coming in contact with defendant's uninsulated wire, charged at a point where it passed over a public bridge, evidence that such wires had been installed along the bridge merely by sufferance of the public authorities; that, while originally installed out of the reach of one on top of the spans, they had sagged until they could be easily reached; that the top of the span was, by reason of having angling end-beams, readily accessible to active persons and deceased and other boys often ran up and down the end-beams; that deceased went up such beam to get a bird's nest on top and, while walking on the top girder, took hold of the wire and was instantly killed, *held* not to show such contributory negligence on the part of deceased as to warrant the direction of a verdict for defendant.

Appeal from the Circuit Court of Will county; the Hon. ARTHUR W. DeSELM, Judge, presiding. Heard in this court at the April term, 1919. Reversed and remanded. Opinion filed July 18, 1919. Rehearing denied October 14, 1919.

SNAPP, HEISE & SNAPP, for appellant.

EDGAR B. ELDER, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Louis Hartel, a boy 13 years old, was electrocuted on a public bridge at Rockdale, Will county, Illinois, June-11, 1917, by coming in contact with appellee's highly charged electric wire. This suit was brought to recover for that death. At the close of the plaintiff's evidence the court directed a verdict for the defendant, on which judgment was entered, and the plaintiff appealed.

The evidence shows, or reasonably tends to show, the facts as follows: The bridge is about 300 feet long, all of iron except the floor, which is of wood. It consists of three spans standing 16 feet above the floor. The beams or girders on the ends and along the top are 15 or 16 inches wide. At each outer edge of the beams there is a row of rivets with protruding heads. The end-beams run up at an angle of about 45 degrees, and can be ascended easily by an active man or boy. Appellee had wires on poles bolted to the bridge within reach of a person walking along the top girder. Some, but not all, of these wires carried high-tension currents. The high-tension wires had originally been insulated and suspended too far from the top of the bridge to be so reached. At the time of the accident, and for a considerable time before, the wires had been allowed to sag and the insulation to rot and become ineffective. There was nothing in the appearance of the high-tension wires to indicate their dangerous character, or to distinguish them from the harmless wires. There were no signs or warnings on the bridge or in the vicinity. The wires were installed and maintained by appellee by sufferance of the public authorities, and without other right or claim of right. For a considerable time before the accident they were within easy reach of the top of the span, and contact with them meant instant death. There was much travel on the public highway and across the bridge, and for a long time many children had frequented that locality, playing thereabout; and

boys were in the habit of running up and down the angling beams at the end of the bridge. Louis Hartel was there with four other boys that had been accustomed to so playing on and using the bridge. They noticed a bird's nest at the top of the girder. He went up the incline and pulled out the nest, walked along the top of the girder about 25 feet above the floor of the bridge, reached up and took hold of a wire carrying 4,400 volts, and was instantly killed, his body dropping into the stream below.

The trial judge in directing the verdict for the defendant assumed that this evidence presented a question of law only. It was not his province, neither is it ours, to determine whether the evidence considered together establishes a case of negligence of the defendant and ordinary care by the deceased. Whether the facts proven established negligence of appellant and care of appellee are questions of fact and not of law, unless the answer is so clear that there is no ground for reasonable difference of opinion. The inquiry in negligence cases is whether a party measured up to the standard of ordinarily prudent men as they usually act under the same or similar circumstances. It is necessary to determine, first, what was done or omitted; second, whether ordinarily prudent men would ordinarily, under the same or similar circumstances, so act. It is familiar law and practice that the court must leave these questions to a jury, unless the answer is so plain that there is no reasonable ground for difference of opinion. A court is not warranted in directing a verdict for the defendant merely because he would feel bound to grant a new trial were one returned for the plaintiff. (*Libby, McNeill & Libby v. Cook,* 222 Ill. 206; *Bailey v. Robison,* 233 Ill. 614.) All just inferences to be drawn from the evidence must be conceded to the plaintiff. (*McCune v. Reynolds,* 288 Ill. 188.) The drawing of the inferences of fact from facts proved is for the

jury to pass upon and not for the court to decide. (*Devine v. Delano*, 272 Ill. 166; *Edwall v. Chicago, R. I. & P. Ry. Co.*, 208 Ill. App. 489.)

There is no dispute on this record as to what the defendant did and omitted. If there is ground for a fair difference of opinion whether the placing of the wires in that position and permitting them to sag and the insulation to become ineffective was actionable negligence, then the court erred in directing a verdict, even if he was of the opinion that it was not. If there is ground for a reasonable difference of opinion, the plaintiff was entitled to a verdict of the jury.

The first inquiry naturally suggested in considering whether the defendant neglected a duty is whether the boy had a right to be at that place, or was he a trespasser, or licensee? These questions are answered in *Commonwealth Electric Co. v. Melville*, 110 Ill. App. 242, affirmed in 210 Ill. 70. In that case electric wires of the defendant were strung under a sidewalk with access only from the vacant lot adjoining. A boy 14 years of age went under the walk and was injured by contact with a highly charged wire. The Appellate Court said that the defendant was not the owner of the premises and was only a licensee with no authority to make the premises dangerous to other licensees. The boy was not a licensee of the defendant, nor a trespasser upon its premises. The defendant knew, or ought to have known, that the place was easily accessible and liable to be visited by one having no knowledge that an electric cable was there; that if the boy was a licensee of some one other than the defendant, that did not relieve the defendant, also a licensee, of the duty to exercise care in protecting its wires, and affirmed a judgment for the plaintiff. The Supreme Court on appeal examined and decided the question whether the trial court erred in refusing to direct a verdict for the defendant, and held that while it was not the purpose of the city that the public

should use the space under the sidewalk for travel, still the boy was rightfully there, and was not there by the leave or license of the defendant, and therefore was not subject to the rules applicable to one who goes upon the property of another with or without permission; that while it may be conceded that he had no right to take hold of the wire, the question still remained who was responsible for the injury resulting from his accidental contact with it, cited authorities that care commensurate with the danger must be exercised by those who make a business of using electricity for profit, and held that the evidence tended to show negligence of the defendant, and therefore presented a question for the jury; also, that the question of contributory negligence of the plaintiff was one for the jury, and affirmed the judgment. That decision, applied here, means that there is no ground for a defense that the boy was a trespasser, or mere licensee, whom the defendant owed no duty except not to wantonly injure him. It is also clear there is no ground for the contention that this case falls within that class where the facts are undisputed, leaving nothing but a question of law for the court to decide.

It is not much contended, and there is no ground for a claim, that the evidence so clearly showed contributory negligence of the boy as to warrant the directing of the verdict. The main contention is that the evidence entirely fails to show actionable negligence of the defendant. *Commonwealth Electric Co. v. Melville, supra,* if it stood alone, could fairly be urged as a controlling authority that the question of fact should have been submitted to the jury. There are numerous other authorities cited by counsel in which the plaintiff was killed or injured by coming in contact with electric wires and appliances of the defendant. No two cases present precisely the same condition of facts. But counsel for appellant have

Austin v. Public Service Co., 215 Ill. App. 297.

been able to find several in our Appellate Courts and in the courts of other States where under quite similar facts the defendant has been held guilty of negligence, and the plaintiff not guilty of contributory negligence.    And counsel for appellee has also found a number of cases other than our own Supreme Court decisions where under similar circumstances the conclusion has been reached that the defendant was not guilty of negligence, or the plaintiff was not in the exercise of due care, and recovery denied.    It is not claimed that there is any decision of our Supreme Court in conflict with what was said and held in *Commonwealth Electric Co. v. Melville, supra.*    It would unduly extend this opinion to discuss those conflicting opinions.    When the numerous cases are considered together it becomes clear that there is at least ground for a fair and intelligent difference of opinion whether the defendant in the present case should be held guilty of actionable negligence under the admitted facts.    That question must first be passed on by a jury; therefore, the court erred in directing a verdict for the defendant, and the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views here expressed.

*Reversed and remanded.*