| 39 | 107 |
| 85 | 80 |

Thomas C. Morehouse
v.
City of Dixon.

*Municipal Corporations—Negligence of—Defective Sidewalk—Personal Injuries—Cripple—Evidence—Instructions.*

1. An instruction not based upon evidence adduced should not be given.

2. Nor one that is suggestive and argumentative.

3. Nor one that calls the attention of the jury to a fact and gives it undue prominence.

4. In an action brought to recover from a municipality for personal injuries alleged to have been occasioned by its negligence, this court holds that on account of the giving of wrongful instructions for the defendant, and the refusal of one that was proper in behalf of the plaintiff, the judgment against the latter can not stand.

[Opinion filed May 21, 1891.]

IN ERROR to the Circuit Court of Lee County; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. W. & W. D. BARGE, for plaintiff in error.

The city, knowing the defective condition of this walk, is responsible for all damages occasioned thereby. City of Bloomington v. Bay, 42 Ill. 503; City of Sterling v. Merrill, 124 Ill. 522.

The plaintiff was justified by the law in presuming that the walk was free from danger and acting on that presumption. Weed v. Ballston Spa, 76 N. Y. 329, 333; Davenport v. Buckman, 37 N. Y. 568, 573; Joliet v. Verley, 35 Ill. 58; Seward v. Milford, 21 Wis. 485.

The plaintiff was " going as I go anywhere." This is exercising reasonable care and caution. He was under no obligation to constantly think that danger might be lurking near. George v. Haverhill, 110 Mass. 513; Weisenberg v. Appleton, 26 Wis. 56; Chicago v. Hoy, 75 Ill. 530, 533; Elgin v. Renwick, 86 Ill. 498; Wheeler v. Westport, 30 Wis. 392, 415, 416.

The first instruction given for defendant is erroneous.

It required plaintiff to leave the walk and make a circuit around the obstruction. This is not the law. City of Sandwitch v. Dolan, 133 Ill. 177.

The plaintiff had the right to presume the walk was safe and free from danger, and he had a right to act upon that presumption. This right absolved him from all obligation to leave the walk. Bloomington v. Chamberlain, 104 Ill. 268, 273.

This is true, even though there was a safe way around the defect, there being nothing to prevent one passing over the defective way. Seward v. Milford, 21 Wis. 485; see Aurora v. Hillman, 90 Ill. 61, 64.

It is not based upon the evidence. No person testified that plaintiff knew the dangerous condition of this walk.

Even if the plaintiff did know the defective and dangerous condition, still he can recover, if, as the testimony shows the fact to be, his attention was momentarily diverted from his steps by some startling event. George v. Haverhill, 110 Mass. 506, 513; Weisenberg v. Appleton, 26 Wis. 56; Wheeler v. Westport, 30 Wis. 392, 415.

" Nor does the mere fact the plaintiff might have taken a better and safer sidewalk than the one he did take, charge him with want of ordinary care. He traveled the usual and most direct route to and from his work." Aurora v. Hillman, 90 Ill. 61, 65.

The testimony shows that plaintiff was obliged to expose himself to this danger in order to perform his duties. As they compelled him to be upon this walk, the law would not exact of him as much prudence and timidity as it would of another who was under no obligation to be there. Chicago v. Sheehan, 113 Ill. 658, 661.

Just such an instruction as this was condemned by our Supreme Court in Peoria v. Simpson, 110 Ill. 294, 304.

The defendant's third instruction tells the jury that if they believe the plaintiff ". was so crippled as to render him more liable than a person not so crippled to stub his toe against projections above the surface of the main walk, or to render it more difficult for him than a person not so crippled to save himself from falling in case he should so stub his toe or should step into a crack in the walk, then," etc.

This is not supported by the evidence. No witness testified that plaintiff was more liable to stub his toe than one not so crippled. The evidence shows he stubbed the toe of his left foot. There is no testimony, whatever, that plaintiff was crippled in his left foot or leg.

There is no testimony showing it was more difficult for him

to save himself from a fall, after stumbling, than it was for others not so crippled.

It is error to give instructions not based on the evidence. Wenger v. Calder, 78 Ill. 275; C., B. & Q. v. Dickson, 88 Ill. 437, 438; Frantz v. Rose, 89 Ill. 594.

Moreover, defendant's second instruction tells the jurors they are " to be governed solely by the facts as they appear from the evidence." These instructions are, therefore, misleading, conflicting and confusing.

Instructions that give undue prominence to facts or rules of law are erroneous. Mix v. Osby, 62 Ill. 193; Calef v. Thomas, 81 Ill. 478.

It says that even if the defendant was negligent, still, if the jury believe the plaintiff could have avoided the injury by the exercise of reasonable care, the verdict should be for defendant.

That is not true, unless his failure to exercise such care contributed to the injury. 2 Thompson on Negligence, 1148, 1151; Cooley on Torts, 679.

There is no limitation in the law that the walk shall be kept safe for travelers. It is to be kept safe for all purposes to which it may be lawfully devoted, for recreation, pleasure, idle curiosity, as well as travel. Chicago v. Keefe, 114 Ill. 222, 227.

Mr. EDWARD E. WINGERT, for defendant in error.

Although a person traveling upon a public sidewalk in a city has a right to presume that such walk is in a reasonably safe condition, yet it is his duty to exercise reasonable and ordinary care and prudence to avoid danger. Chicago v. Hickok, 16 Ill. App. 142.

The burden of proof of plaintiff's exercise of such ordinary care was upon himself in this case. C., B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Kepperly v. Ramsden, 83 Ill. 354.

It is not error to repeat instructions, although repeated instructions may be refused without error. Weyhrich v. Foster, 48 Ill. 115; Scott v. Delaney, 87 Ill. 146.

There need be no express permission given a property

holder to use the sidewalk for a reasonable time and in a reasonable manner for the storage of building materials in the absence of municipal regulations relating thereto. Dillon Mun. Corp. (Fourth Ed.), Sec. 730; Clark v. Fry, 8 Ohio St. 358, 376; Adams v. Fletcher, 20 At. Rep. 263.

LACEY, J. This was a suit brought by the plaintiff in error against the defendant in error to recover damages occasioned by a fall on a sidewalk in the city of Dixon, June 20, 1884, by reason of which one of his legs was injured and had to be amputated below the knee. The charge in the declaration is that the sidewalk by reason of the negligence of the defendant in error was allowed to become defective, there being large unguarded spaces between the planks, and that the plaintiff in error, while exercising due care, stumbled, slipped and fell and received severe injuries, suffering the permanent loss of his right foot.

It is alleged in the second count that the walk was defective and that the city by exercising reasonable care could have known it; and in the third count that the city had notice of the defect. The allegation is in all of the counts as to the injury. The damages were laid at $6,000. Upon issue being joined the case was tried before a jury, the trial resulting in a verdict for the defendant in error, and upon motion for a new trial being overruled, judgment was rendered against the plaintiff in error for costs. It is assigned for error that the court gave defendant in error the first, second and third, fifth, eighth and twelfth instructions in favor of the defendant in error, and in refusing the plaintiff in error's eleventh instruction.

We have examined the instructions fully and regard the second, fifth and twelfth of defendant in error's instructions as proper. The first and third we think very improper and erroneous. The first and third instructions were as follows:

First. "You are instructed that a person has no right to knowingly expose himself to danger and then recover for an injury which he might have avoided by the exercise of reasonable care and caution, and if you believe from the evidence that the plaintiff knew of the defects and obstruc-

tions in the sidewalk, and that in passing along such walk he could have avoided passing over such defects and obstructions by taking a short circuit around them, you have to consider his failure to make such a circuit in determining whether the plaintiff exercised due and reasonable care and caution."

Third. "You are instructed that while all persons are required by law to exercise reasonable care and caution in walking on the sidewalks of a city, still, in determining what constitutes such care and caution, any defect in the parties' limbs or feet, interfering with their free and natural use (if proven), should be taken into account; and in this case, if you believe from the evidence that the plaintiff at the time of the alleged injury was so crippled as to render him more liable than a person not so crippled to stub his toe against projections above the main surface of the walk, or to render it more difficult for him than a person not so crippled to save himself from falling, in case he should stub his toe, or should step into a crack in the walk, then reasonable care would require of him that he move more cautiously and with greater care on the sidewalks than if he were not so crippled."

The first is erroneous because it calls the attention of the jury to a fact and gives it undue prominence. The mere fact of the knowledge of the defect on the part of the defendant in error and the further fact of his failure to go around the spot where the injury occurred is required by the instruction to be taken into account in determining the question of care on the part of the defendant in error. No other facts or circumstances are mentioned. This was undoubtedly a question for the jury to consider, but not the only evidence, and it should not have been singled out as though it were the only question in the case.

The third instruction is erroneous because it calls the jury's attention especially to supposed facts and because there is no evidence on which to base it. The injury was not caused by the defective foot, nor was there any evidence tending to show that it was negligence to go onto the walk with such a foot as the plaintiff in error had, any more than with a well

foot. The instruction ignores the question of knowledge on the part of the defendant in error of any defect in the sidewalk, and is suggestive and argumentative throughout. We will now notice the objection to the refusal of the court to give the eleventh of plaintiff in error's refused instructions. It was to the effect that the jury had no right to draw any inference or conclusion unfavorable to the plaintiff from the fact that the said boot or shoe worn by defendant in error at the time of the accident was not before the jury as evidence in the case, and that the jury should disregard such fact and all arguments or statements concerning the same.

We think the court should have given this instruction. Under the evidence in this case the plaintiff in error was under no obligations to produce the boot or shoe in evidence, and although this evidence may have come out on the trial, it was not proper for the jury to draw any inference unfavorable to the plaintiff in error from it. The instructions should have been given for the purpose of excluding from the minds of the jury such improper evidence or the effect of it.

We have examined the evidence in the case and feel satisfied that the evidence would have sustained a verdict in favor of the plaintiff in error. We regard, therefore, the giving of the wrongful instructions for the defendant in error and the refusal of the rightful one for the plaintiff in error as material, and such action by the court may have unfavorably influenced the verdict of the jury against the plaintiff in error.

For these reasons the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*