## William H. Gruver, Adm'r, v. The City of Dixon.

1. APPELLATE COURT PRACTICE—*Res Adjudicata.*—The judgment of the Appellate Court, reversing and remanding a cause, is not final and can not be appealed from. It can not be regarded as *res adjudicata* on a second appeal.

2. SAME—*After Three Trials.*—Where a case has been presented to three juries, none of which found against the defendant, it must be a very strong case, to warrant the reversal of a judgment in his favor.

Action in Case, for personal injuries. Trial in the Circuit Court of Lee County; the Hon. JOHN D. CRABTREE, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

BARGE & BARGE, attorney for plaintiff in error.

H. A. BROOKS, attorney for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a suit for damages originally brought against the city of Dixon, the defendant in error, by one Thomas C.

Morehouse, for personal injuries alleged to have been sustained by him while walking upon a sidewalk of said city.

The declaration avers that at the time the injuries were sustained, the plaintiff was in the exercise of due care; that the injury was caused by the unsafe condition of the walk, which the city had allowed to become defective, and that the city had actual or constructive notice of such defect. The city filed a plea of general issue. The case has been tried three times; the first trial resulted in a judgment for defendant, which was afterward reversed and remanded by this court. Morehouse v. City of Dixon, 39 Ill. App. 107. At the second trial the jury failed to agree. After the second trial the plaintiff died and an administrator was appointed for his estate and substituted as plaintiff. On the third trial there was a verdict and judgment for the defendant. For cause of reversal, plaintiff in error urges that the verdict was against the evidence; that improper evidence was admitted on the part of defendant in error and that the court erred in modifying certain instructions and in giving certain others.

The evidence shows that decedent was a cripple, having a club foot, or a foot slightly turned up at the side, from his youth; that he broke his leg in 1849, and that the same was improperly set and became weak and shriveled; that he walked on the side of his foot, had a boot specially made for him, and used a cane; that at the time of the accident, on the night of June 20, 1884, he was deputy marshal and night watchman, and while patrolling the streets in performance of his duty, he heard a cry, and turning quickly to investigate it, his lame foot slipped between two boards of the sidewalk upon which he was walking, injuring the same so that a year later it had to be amputated. The walk where the injury occurred was in front of a building which was being repaired and had for some time been piled with *debris*, which had, however, been moved that day. Decedent had been in the same employment by the city for more than two years prior to the accident, and was acquainted with this walk and its surroundings. As an officer of the

city he should have known of its condition, and as it was out of repair, reported that fact to the proper authorities.

The question of fact involved in this case has been presented to three juries, none of which found against the city. Under such circumstances the case must be a very strong one to warrant a reversal of the judgment. Wolbrecht v. Baumgarten, 26 Ill. 291. Such a case is not presented by the record here, and we are therefore not disposed to disturb the verdict by reason of any question growing out of the facts in the case.

This court, in its opinion filed in this case when it was here before, said, "We have examined the evidence in the case and feel satisfied that the evidence would have sustained a verdict in favor of plaintiff in error." (39 Ill. App. 109.) It is contended that the above expression, used by the court, is *res adjudicata* of the sufficiency of the evidence to entitle plaintiff in error to recover. This contention can not be sustained. The expression used by the court was merely an expression of opinion as to the facts then in the record, and the case was not tried the last time upon the same evidence. The judgment of the Appellate Court, reversing and remanding a cause, is not final and can not be appealed from, and therefore can not be regarded as *res adjudicata* on the second appeal. Linington v. Strong, 111 Ill. 152; Board of Trade v. Nelson, 162 Ill. 431.

Plaintiff in error urges that the court below erred in admitting in evidence the stenographic report of the testimony of the witnesses Fuller and Clute, given on a former trial of the case. It does not appear that these witnesses could not have been produced, or their depositions taken to be used upon the trial of this case, and it was therefore improper for the court to admit the report in evidence. Their testimony, however, was only as to facts which were substantially admitted by Morehouse himself in his testimony, so that it could not have injured plaintiff in error. It was not, therefore, of sufficient importance to warrant a reversal of the case.

Instruction No. 15, given for defendant in error, is said to

be erroneous because it told the jury that they were not bound to take the testimony of any witness as absolutely true, and should not do so if they were satisfied, from all the evidence and the facts and circumstances proved on the trial, that such witness was mistaken in the matter testified to by him, " or that from any other reason " his testimony was untrue or unreliable. While the instruction may have been inartificially drawn, yet we are satisfied the jury could not have been misled by it, and that they must have understood that they were not to consider any matters as affecting the credibility of the witnesses not arising from the evidence and the facts and circumstances proved on the trial. We have examined carefully the other errors assigned and find nothing affecting substantial justice in the holdings of the court, either upon the evidence or in reference to the instructions.

The judgment of the court below will therefore be affirmed.

Mr. Presiding Justice CRABTREE, having tried the case in the court below, took no part in the trial in this court.