## Pallace L. Fisher, Appellant, v. City of Geneseo, Appellee.

### Gen. No. 5293.

1. INSTRUCTIONS—*when as to preponderance of evidence erroneous.* An instruction upon this subject, *held,* erroneous, in that it omitted the element of the number of witnesses.

2. INSTRUCTIONS—*as to obligation of city with respect to its streets, erroneous.* The law requires a city to keep its streets reasonably safe for travel and an instruction is erroneous which tells the jury that in order for a person injured by falling upon a street it must be shown that the street was unreasonably dangerous, places a heavier burden upon such person than the law requires.

3. INSTRUCTIONS—*must not give undue prominence to particular evidence.* An instruction is erroneous which gives undue prominence to particular evidence.

4. INSTRUCTIONS—*must not be argumentative.* An instruction is not proper to be given which is argumentative in form.

Action in case. Appeal from the Circuit Court of Henry county; the HON. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

HARRY E. BROWN, for appellant.

HENRY WATERMAN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in case brought by Pallace L. Fisher to recover damages from the city of Geneseo for personal injuries averred to have been suffered because of the negligence of the defendant. The declaration contains four counts. Each count avers that the city was negligent in grading Wyanet street in such a manner that there was a ditch about eighteen inches deep across the entrance to an alley in a certain block in the city, by reason whereof the plaintiff, while in the exercise of due care and while riding in a buggy that

was being driven into the alley was thrown from the seat and injured. Three of the counts aver that the plaintiff was thrown from the seat of the buggy upon the ground; the other count avers that plaintiff was thrown from the seat into the bottom of the buggy. Each count avers that notice was given to the city as required by the statute. On the trial a verdict was returned in favor of the defendant, and the plaintiff has appealed to this court.

The record shows that the appellant is a woman of the age. of sixty-five years and lives with her foster-son in a house fronting west on Wyanet street, which runs north and south. An alley runs through the block nearly east and west on the south side of her residence; the direction of the alley from Wyanet street is south of east. Another alley runs from the first described alley in the rear of appellant's lot to the next east and west street on the south. Appellant uses the alley from Wyanet street in going to and from the barn on the rear of her lot. About two months before the date of the accident, the appellee graded Wyanet street across the entrance to the alley with a road grader forming a ditch about nine feet west of the sidewalk, and took out a box culvert about ten inches wide which had been across the approach to this alley from the street, leaving a steep bank somewhere between twelve and eighteen inches high angling slightly across the entrance to the alley, with a gradual incline from the center of the street to the terrace on the west side of the ditch except that appellant's evidence tends to prove that where the box was taken out, there was a square drop of four inches on the street side of the ditch. On August 8, 1908, about six o'clock in the evening appellant with her foster-son, Orrin Fisher, had been to a pasture southwest from her residence in a buggy drawn by one horse. They came back on Wyanet street and attempted to drive into the alley. It had been raining, and when the horse stepped

in the steep bank it slipped and swerved to the south causing one wheel of the buggy to drop into the depression and then to raise up on the bank as the other wheel went into the depression. The son was driving, with appellant sitting on the left side holding onto the seat with both hands. The irregular motion of the buggy caused appellant to slip off the seat onto a box in the bottom of the buggy, from which she claims to have suffered injuries to the sciatic nerve. The evidence shows that appellant had suffered from rheumatism and had been lame and crippled for many years, and it is apparent that the accident is not the cause of much of the injury of which she now complains, although she may be entitled to some damages if the city was negligent and she was in the exercise of ordinary care, but we express no opinion regarding the merits of the case since it must be reversed because of error in the appellee's instructions. The city had notice of the condition of the street and the appellant knew the condition at the place where she was injured. One of the questions involved in the case is whether appellant has by a preponderance of the evidence shown that she was in the exercise of due care. Appellee contends that in as much as appellant knew of the condition of the street, it was her duty either to have got out of the buggy before her son attempted to drive into the alley off Wyanet street, or that they should have driven in from the east end of the alley or by the alley from the south to the rear of her lot.

The twelfth instruction given on the part of appellee told the jury, "You are instructed that the preponderance of the evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts. In determining upon which side the preponderance of the evidence is you should take into consideration the opportunities of the several witnesses for seeing, etc * * *." The instruction omits the number of witnesses, as one of the circumstances to be considered by the jury in determining on

which side the preponderance of the evidence should be. Elgin, J. & E. R. R. Co. v. Lawlor, 229 Ill. 621; C. U. T. Co. v. Hampe, 228 Ill. 346; Ill. Com. Men's Assn. v. Perrin, 139 Ill. App. 543; Sullivan v. Sullivan, 139 Ill. App. 378.

The twenty-first instruction given on the part of appellee, told the jury that before they could find a verdict for the plaintiff it must find from a preponderance of the evidence that the plaintiff suffered injuries caused by a defect in the street, "that said defect left the street in an unreasonably dangerous condition and that the defendant did not contribute to said injuries by any negligence on her part; that the city authorities had knowledge of the defects in time to have repaired the same before the accident happened  *  *  *  unless you find all the foregoing facts by a preponderance of the evidence you should find the defendant not guilty." This instruction was clearly erroneous. If the street was in a dangerous condition that was sufficient. The law requires a city to keep its streets reasonably safe for travel, and if the city negligently left its street in a dangerous condition that was sufficient negligence to make the city liable for any injuries that might be sustained by reason thereof, if the party injured was in the exercise of ordinary care. The instruction in telling the jury that the defendant must be found not guilty unless the appellant prove by a preponderance of the evidence that the street was unreasonably dangerous, placed a heavier duty on appellant than the law requires.

The twenty-fourth instruction given on the part of the appellee told the jury that if they believed from the evidence that the plaintiff, without material inconvenience to herself, could have got out of the buggy she was riding in in front of her residence before the buggy passed over the ditch, and she did not do so, then the jury should take that fact into consideration in passing on the question of whether she was using ordinary prudence for her own safety. The twenty-

fifth instruction told the jury that if they believed from the evidence that the plaintiff without material inconvenience to herself could have avoided passing over the ditch by the use of other public and safe ways of reaching her destination, then they are instructed to take that fact into consideration as to whether she was using ordinary care for her own safety. The street and alley were open for public travel and the alley was traveled by many teams every day, and the city had knowingly left them in the condition they were in. Appellant was not required to go around some other way. These instructions told the jury they might convict her of negligence and acquit the city because she did not either get out of the buggy or go some other way. It was a question for the jury to say whether she was in the exercise of reasonable care in driving into the alley, from all the evidence in the case. These instructions were erroneous in that they gave undue prominence to those portions of the evidence by specially directing the attention of the jury thereto, and so being liable to mislead the jury and induce it to give undue weight to the parts singled out. Eckels v. Muttschall, 230 Ill. 462; Village of Warren v. Wright, 103 Ill. 298; Morehouse v. City of Dixon, 39 Ill. App. 107.

The tenth instruction told the jury that if the injuries complained of were occasioned by the slipping of the horse, and that the conduct of the city in no way contributed to such slipping, then the verdict should be for the defendant. If the ditch had not been there the slipping of the horse might not have caused the injury and the ditch into which it went would be the proximate cause of the injury. It was a question for the jury to say from all the evidence whether the injury was caused by the negligence of the city or by some other cause.

The twenty-ninth instruction is:

"You are instructed that what constitutes ordinary care depends upon the circumstances of each particu-

lar case; that when the circumstances are such that an ordinarily careful and prudent person would take greater precautions for his own safety than under less threatening circumstances, the greater degree of caution would be 'ordinary care.' While the circumstances in which a person is placed may differ and require the doing of different things for his personal safety and call for effort and circumspection proportionate to the known danger, and while such care demanded is in law characterized as 'ordinary care,' yet the exercise of ordinary care as required by law in greater danger requires the exercise of more prudence and care than would be required under less threatening circumstances; and in this case, unless you find from a preponderance of the evidence that the plaintiff at or before the time of the injury complained of, was in the exercise of such care and caution for her own safety, as was proportionate to the danger to which she then knew, or by the exercise of ordinary care and caution she would have known that she was exposed, you should find the defendant not guilty.''

This instruction should not have been given because of its argumentative nature.

It is also insisted that the court erred in refusing instructions requested by appellant. The jury were fully instructed in the given instructions and there was no error in refusing proper instructions the substance of which was given in others, but many of the refused instructions were erroneous and properly refused.

There are a multitude of other questions raised concerning the evidence, the examination of witnesses and the conduct of counsel, which we do not discuss, as we do not find any merit in them, and to discuss all the sixty-two questions raised would unreasonably prolong the opinion. The judgment is reversed because of error in the giving of instructions requested by appellee.

*Reversed and remanded.*