## Peter Edwall, Plaintiff in Error, v. Chicago, Rock Island & Pacific Railway Company, Defendant in Error.

### Gen. No. 6,417.

1. TRIAL, § 199*—*when refusal to direct verdict is not error.* It is not error in a trial court to refuse to direct a verdict of not guilty even though the court would not permit a verdict of guilty to stand, where there is a sharp conflict of evidence.

2. APPEAL AND ERROR, § 1389*—*what is duty of Appellate Court in weighing evidence.* The Appellate Court has a broader duty in weighing evidence than that imposed on trial courts, and is only called on to consider whether a verdict is so manifestly against the weight of the evidence that no judgment could be maintained on it after the verdict is obtained on a record free from material, substantial error prejudicing the defeated party.

3. RAILROADS, § 709*—*when admission of evidence of third persons as to comments on occurrence of accident is prejudicial error.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The admission of the testimony of the engineer, fireman and brake-man of a certain freight train not involved in the injury to plain-tiff caused by his being struck by defendant's switch engine at a crossing, who witnessed some of the occurrences, as to what was said between them at the time, was prejudicial error.

4. RAILROADS, § 777*—*when instructions on liability of railroad company for negligence in injuring a pedestrian at a crossing are erroneous.* In an action by a pedestrian to recover damages for personal injuries received as the result of being struck by a switch engine at a crossing, instructions based upon several counts of the declaration setting up several acts of negligence as producing the injury complained of in effect that if the jury believed each of the charges proved and that the injury was caused by the several acts of negligence charged or some two or three of them, but they were unable to find from the evidence that any one of them was the immediate cause or to say that the accident would not have occurred if the defendant had not been guilty of some particular one of the charges, the verdict must be not guilty, *held* to be erroneous where one count charged the violation of a speed ordinance.

5. RAILROADS, § 622*—*what is prima facie negligence in opera-tion of a train.* The violation of statutory regulations in operating a train is prima facie negligence, but there must be further proof that the negligence caused the injury complained of, in an action to recover damages for such injury.

6. RAILROADS, § 774*—*when instruction on liability of railroad violating speed ordinance and injuring pedestrian is erroneous.* In an action by a pedestrian to recover damages for personal injuries received as the result of being struck by a switch engine, an in-struction based upon a count of the declaration charging violation of a municipal speed ordinance, and informing the jury that the plaintiff must prove the connection between such negligence and the injuries complained of, instead of requiring the defendant to rebut the prima facie case made by proof of violation of such ordi-nance, was erroneous.

7. NEGLIGENCE, § 223*—*when instruction on is erroneous.* An instruction to the effect that the negligence must be the sole and immediate cause of the injury, *held* to be erroneous.

8. INSTRUCTIONS, § 12*—*when should not be given.* An instruc-tion technically correct but which a layman would probably mis-understand should not be given.

9. INSTRUCTIONS, § 12*—*necessity of clearness and accuracy.* Up-on a vital or controlling question instructions should be clear, fair and accurate.

10. NEGLIGENCE, § 205*—*when instructions are of doubtful value.* It is not erroneous but of doubtful value, in an instruction upon questions of negligence and care, to advise a jury further as matter of law on that issue after advising them that such questions are to be determined by comparing the conduct of the party with that of reasonably prudent men under like conditions and circumstances.

11. NEGLIGENCE, § 188*—*what preponderance of evidence required.* Only slight preponderance of the evidence is sufficient to establish plaintiff's due care, in an action to recover damages for personal injuries.

12. RAILROADS, § 779*—*when instructions on contributory negligence of pedestrian are misleading.* Instructions directing attention specially to the question whether plaintiff, in an action to recover damages for personal injuries, received at a railroad crossing, should have looked and listened before going upon the defendant's railroad track, *held* misleading and calculated to draw the jury's attention from the simple question whether plaintiff at that time and place was conducting himself as would an ordinarily prudent person under the same or similar circumstances and particularly mischievous in twice directing attention to the admitted fact that plaintiff did not look east before going on the track.

13. INSTRUCTIONS—*when writing of instructions on paper of party's attorney is not prejudicial error.* The writing of instructions on paper bearing in watermark the card of the party's attorney is improper but not prejudicial error, where done inadvertently, and the mark would probably not be noticed by the jury if they read the instructions.

14. APPEAL AND ERROR, § 980*—*when rules of trial court not considered.* Rules of the trial court not in the record cannot be considered.

15. APPEAL AND ERROR, § 1502*—*when acceptance of brother-in-law of one of firm of attorneys trying case as juror is harmless error.* Where a brother-in-law of one of the firm of defendant's attorneys, but not the one who tried the case, was accepted on the jury without plaintiff's knowledge of the relation, defendant's attorneys should have advised plaintiff of the relation, but reversible error was not committed.

16. APPEAL AND ERROR, § 951*—*when additional record stricken to complete case.* A motion to strike from the files an additional record filed to correct an alleged clerical error in copying a given instruction by the improper use of the word "as" for "is" whereby material error in the instruction as shown in the original record existed, was denied, to complete the record, without consideration of the question in determining the case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Circuit Court of Rock Island county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 16, 1917.

J. T. & S. R. KENWORTHY, for plaintiff in error.

STAFFORD, SCHOEDE & STAFFORD, for defendant in error; M. L. BELL and A. B. ENOCH, of counsel.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

Peter Edwall, the plaintiff in error, a man 75 years old, in good health and physical condition for his age, was in February, 1914, going north on the west sidewalk of 45th street in the City of Rock Island attempting to cross the four east and west tracks of the defendant railway. A through freight train was coming from the west on the south track and a switch engine was backing from the east on the third track. It was a cold, windy day. He wore an overcoat with a collar turned up and a cap drawn down over his ears. He saw the through freight train approaching and crossed the south track a safe distance ahead of that engine. There was no obstacle to prevent his seeing the switch engine approaching from the east, and no reason why he did not see it except that his mind was directed to and engrossed by the approaching freight train, and there was smoke and steam that perhaps somewhat obstructed his view. When he reached the third track he was struck by the switch engine and very seriously injured. This action was brought to recover for that injury. At the close of the evidence the trial court refused defendant's motion for a directed verdict. The jury found for the defendant and judgment was entered on that finding, from which this writ of error is prosecuted. Plaintiff's main contention is that there was error in admitting improper evidence and

giving improper instructions for the defendant. Cross error is assigned that the court erred in refusing the defendant's motion for a directed verdict, and it is insisted that the evidence fails to show due care by the plaintiff or negligence of the defendant, and therefore the judgment should be affirmed even if error is found in the record.

The declaration filed was of 5 counts to which the general issue was pleaded. The first count charged negligence in the operation of the through freight train, which the court, on the defendant's motion, withdrew from the attention of the jury on the ground that there was no evidence to maintain that charge. No error is assigned on that action of the court. The second charged in general terms negligence in driving and managing the switch engine. The third, violation of the statute in failure to ring a bell or sound a whistle on the switch engine. The fourth, violation of an ordinance of the City of Rock Island limiting the speed to 6 miles an hour. The fifth averred the existence of gates at the crossing and charged that they were not lowered a sufficient length of time before the locomotive arrived to serve as a warning. Each count contained an allegation of plaintiff's due care, and other appropriate averments.

The facts so far stated are uncontroverted except there is conflict in the evidence whether the plaintiff crossed before or behind the freight train, and if before, how far. He says he passed before that engine, and appellant in its argument assumes that as the fact. There is some evidence to sustain the charge of negligence in each of the 4 counts, enough we think to require a weighing of the evidence to reach a conclusion as to any one of them whether the negligence there charged was proven. The question of plaintiff's care depends upon the credit given conflicting testimony and conclusions to be drawn from facts so found. Plaintiff testified that he did not look to the east be-

cause he was watching the freight train from the west, and that the gates were not lowered when he went upon the crossing. Some of the other witnesses say that he ducked under the gates and ran across the tracks. The evidence is conflicting whether the switch engine was approaching at a rate of more or less than 6 miles an hour, and what, if any, signal it was giving of its approach. The speed at which it was backing over the crossing might be partly estimated by the distance the plaintiff was thrown when he was struck. There is a sharp conflict of evidence on that question. Defendant's counsel say "the preponderance of the evidence on the question of negligence (of plaintiff) is against the plaintiff." The trial court was not required or permitted to direct a verdict for that reason. The Illinois authorities are collected in *Libby, McNeill & Libby v. Cook,* 222 Ill. 206, and the court says: "When a motion for a peremptory instruction is made by the defendant, if the court is of the opinion that in case a verdict is returned for the plaintiff it must be set aside for want of any evidence in the record to sustain it, a verdict should be directed. If the court is of the opinion that there is evidence in the record, which, standing alone, is sufficient to sustain such a verdict, but that such a verdict, if returned, must be set aside because against the manifest weight of all the evidence, then the motion should be denied. (Citing authorities.) To hold otherwise is to deny to plaintiff the right of trial by jury."

The Supreme Court has since repeatedly cited and approved that case. In *Devine v. Delano,* 272 Ill. 166, 179, the court quoted with approval from *McGregor v. Reid, Murdoch & Co.,* 178 Ill. 464: "All that the evidence tends to prove and all just inferences to be drawn from it in appellant's favor must be conceded to him. * * * Under the rule the evidence most favorable to appellant must be taken as true. * * * The credibility of the witnesses, the weight of the

testimony, the drawing of the inferences of fact from facts proved, were all questions of fact for the jury to pass upon and not for the court to decide." And said on the authority of the *Cook* case, *supra:* "If there is in the record any evidence from which, if it stood alone, the jury could, 'without acting unreasonably in the eye of the. law,' find that all the' material averments of the declaration have been proven, then the cause should be submitted to the jury."

It is said in *Bailey v. Robison*, 233 Ill. 614, 616: "It is not enough, to justify the granting of such motion, that the court may be of the opinion that upon weighing the evidence a verdict against the party making the motion would have to be set aside." (Citing authorities.) And in *City of Chicago v. Jarvis*, 226 Ill. 614, 616, where it was assigned as error that the trial court refused to direct a verdict of not guilty that the assignment "presents the question whether there was evidence from which, if it stood alone, the jury could reasonably have found that the material averments of the declaration had been proved."

It follows that the controverted evidence of negligence of the defendant and care of the plaintiff, and inferences to be drawn from facts fairly found by the jury bearing on those questions, were for their consideration (*Johnson v. City of St. Charles*, 200 Ill. App. 184, and authorities there cited), and that the trial court did not err in refusing to direct a verdict of not guilty, even though it may be true that he should not have permitted a verdict of guilty to stand. We are charged in the final disposition of a case with a broader duty in weighing evidence than that imposed upon trial courts. Cases may arise of erroneous records in which it is so clear that we would be compelled to reverse a judgment with a finding of facts if it was contrary to the one appealed from that we ought to affirm the judgment, but, if so, that

practice is an exception to the general rule of law and procedure which only calls on this court to consider whether a verdict is so manifestly against the weight of the evidence that no judgment can be maintained on it after the verdict is obtained on a record free from material, substantial error prejudicing the defeated party.

The engineer, fireman and brakeman of the freight train were called as witnesses for the defendant. Each of them saw and testified to several but not all of the occurrences. They were asked what was said between them at the time and permitted, over plaintiff's objection, to answer that question. The objection should have been sustained. They occupied the position of disinterested men witnessing a transaction. Remarks of such bystanders might be very prejudicial to one party or the other. It happened here that what they said was of little importance except to dramatize the situation and emphasize the defendant's theory that the plaintiff was acting recklessly. We think the admission of the testimony prejudicial error.

When the declaration was filed, five acts of negligence were alleged in five counts as each causing the injury complained of. We suppose that is the general practice in the absence of a statute controlling the matter. (31 Cyc. 119.) The first count failed of proof and was withdrawn, leaving the charges in the second, third, fourth and fifth counts for the jury's consideration. They were told in defendant's sixth instruction that there could be no recovery under the second count charging careless and improper management of the switch engine, if proven, unless that negligence was the proximate and immediate cause of the injury. In its fourth, that there could be no recovery under the third count, if proven, unless the nonringing of the bell or the nonblowing of the whistle was the imme-

diate and proximate cause of the injury. In its third, that before they could find for the plaintiff under the fourth count charging violation of the ordinance, excessive speed must be proven, as charged, and they must further find that the accident was the direct and proximate result of excessive speed, and would not have occurred if the switch engine had been running at a rate not exceeding 6 miles per hour. In its seventh, that there could be no recovery under that count unless such excessive speed was proven and was the immediate and proximate cause of the injury. In its thirteenth, that the verdict must be not guilty under that count unless they found from the evidence that the accident was the direct and proximate result of the excessive speed, as charged, and would not have occurred but for such excessive speed. In its ninth, that it must appear that the defendant was guilty of the negligence charged in some *one* count of plaintiff's declaration, which was the direct, immediate and proximate cause of his injury; and unless it does so appear from the preponderance of all the evidence their verdict must be for the defendant company. These instructions directing the jury's attention to proof required to connect the injury with the negligence charged cover the whole declaration, and amount to a direction to find the defendant not guilty if the jury are unable to say any one charge of negligence was the direct and immediate cause of the injury. They were told, in substance, if they believed each of the four charges proven, and that the injury was caused by those four acts of negligence, or some two or three of them, but were unable to find from the evidence that any one of them was the immediate cause, or to say that the accident would not have occurred if the defendant had not been guilty of some particular one of the charges, the verdict must be not guilty. The court erred in so instructing the jury. The fourth count charged violation of a municipal speed ordi-

nance. We presume the general rule is, as contended by appellant's counsel, that the violation of statutory regulations in operating a train is to be held prima facie negligence, but there must be further proof that the negligence caused the injury complained of. This court applied that principle in passing upon a charge of negligence in operating an automobile in violation of the Motor Vehicle Law in *Latham v. Cleveland, C., C. & St. L. Ry. Co.*, 179 Ill. App. 324. It is clear in *Chicago & R. I. R. Co. v. McKean*, 40 Ill. 218, under a statute making the offending party liable "for all damages which shall be sustained by any person by reason of such neglect," that the judgment for the plaintiff must be sustained by proof that the act in violation of the statute resulted in the plaintiff sustaining damages, and the court so held. But the statute under which the fourth count was drawn, section 24 of our Railroad Act (J. & A. ¶ 8836), provides that in case of such violation of municipal speed ordinances: "Such corporation shall be liable to the person aggrieved for all damages done to the person or property by such train, locomotive engine or car; and the same shall be presumed to have been done by the negligence of said corporation, or their agents." The statute creates a prima facie liability. In *Chicago & E. I. R. Co. v. Crose*, 113 Ill. App. 547, the court said in passing on this statute that the presumption that the negligence in violating the statute caused the injury is not conclusive "and before recovery can be had on that account it must appear that the speed of the train was the proximate cause of the injury." But on appeal of the case the Supreme Court said in 214 Ill. 602, on page 606: "It is undisputed that the train which caused the injury in this case was running at a greater rate of speed than ten miles per hour, in violation of the village ordinance, and this being so, a prima facie case of negligence was established against the appellant (*Illi-*

*nois Cent. R. Co. v. Ashline,* 171 Ill. 313), and the injury must be presumed to have been inflicted by the negligence of the appellant company or its agents operating such train, and in such case it would be liable for all damages occasioned thereby. Such presumption may be rebutted, but the question whether the appellant's evidence was sufficient, under all the circumstances, to overcome the prima facie proof of negligence was a question for the jury." The court erred in the three instructions directed to the fourth count of the declaration informing the jury, in substance, that the plaintiff must prove the connection between the negligence and the injury instead of requiring the defendant to rebut the prima facie case made by proof of the violation of the ordinance. When a prima facie case is made the burden shifts to the other party. (*Cleveland, C., C. & St. L. Ry. Co. v. Hornsby,* 202 Ill. 140.)

We know of no authority for the statement that the negligence must be the sole or immediate cause of the injury. It is said in *American Exp. Co. v. Risley,* 179 Ill. 295, 298, quoting from Sherman & Redfield on Negligence (3rd Ed.), sec. 10: "Negligence may, however, be the proximate cause of the injury of which it is not the sole or immediate cause." The court also quoted from *Pullman Palace Car Co. v. Laack,* 143 Ill. 242, page 261: "It is well settled that where the injury is the result of the negligence of the defendant and that of a third person; or of the defendant, and an inevitable accident; or an inanimate thing has contributed with the negligence of the defendant to cause the injury, the plaintiff may recover, if the negligence of the defendant was an efficient cause of the injury." See also *Armour v. Golkowska,* 202 Ill. 144. In *Illinois Cent. R. Co. v. Siler,* 229 Ill. 390, 397, the court said, citing authorities: "The law is well settled in this State that a defendant is liable for an injury caused to one using due care for his

personal safety by the defendant's negligence concurring with an accident without which the injury would not have occurred.'' Concurring acts of the defendant should not be held a better defense than such acts of a stranger. The instructions were misleading, calculated to impress the jury that they must consider each of the four charges of negligence separated from the other one, two or three that they might find proven, when, as a matter of common sense as well as of law, the whole transaction was to be considered together, and if the jury found the injury resulted from two or more acts of negligence charged in the declaration they were not precluded from finding for the plaintiff because they could not tell which of the acts was the immediate or direct cause. Defendant says the jury might have considered all the charges under the allegation of general negligence in the second count. This may be true, but the jury would not so understand the instructions. Some other objectionable features of the instructions may be justified by applying technical rules that the jury would not understand. An instruction technically correct which a layman would probably misunderstand should not be given. (*Funk v. Babbitt,* 156 Ill. 415.)

Whether the plaintiff was in the exercise of due care for his own safety at and before the time he was injured was a vital question, perhaps the controlling one. It was therefore unusually important that the instructions on the degree of care required of him should be clear, fair and accurate. There has been little excuse for attempting to divide either care or negligence into three classes since the decision in *Chicago, R. I. & P. Ry. Co. v. Hamler,* 215 Ill. 525, where it is said on page 536: ''It is clear that negligence cannot be divided into slight, ordinary and gross by definite lines, so that a jury may understand the limits of each and assign each case to its own department.'' And on page 534: ''If a plaintiff has exercised ordi-

. Edwall v. C., R. I. & P. Ry. Co., 208 Ill. App. 489.

nary care and the defendant has failed to exercise due care, i. e., the care demanded under the circumstances, the rights of the parties are thereby fixed and determined and there is an end of controversy. If those conditions exist there is actionable or culpable negligence, which will justify a recovery of damages resulting therefrom, and it makes no difference in the liability or the damages by what name the negligence is designated.'' It may well be doubted whether, after advising the jury that the questions of negligence and care are to be determined by comparing the conduct of the party with that of reasonably prudent men under like conditions and circumstances, any further effort to advise them, as matter of law on that issue, is likely to aid them in reaching a proper conclusion; still, it is not error to make such attempts, and there is great temptation to counsel to in that way argue the question and impress the jury with their theory of the case.

Plaintiff's due care could be established by a preponderance of the evidence, and under late holdings a slight preponderance would suffice. Defendant's ninth instruction informed the jury that to entitle the plaintiff to a verdict it must *appear* from a preponderance of the evidence that in attempting to cross defendant's railway track he was using due and ordinary care for his own safety. Its tenth, that if it appears from a preponderance of the evidence that the want of due or ordinary care on the part of the plaintiff at the time he approached and was crossing the tracks, if such want of care is shown by a preponderance of the evidence, was the cause in whole or in part of his injuries, then the verdict must be not guilty. By its twelfth, that if the jury believe from the evidence that ordinary care required plaintiff to look for the purpose of ascertaining whether the switch engine was approaching and not to advance upon the track without so looking, and that he was

struck and injured because of failure to look, then the verdict should be not guilty. By its fourteenth, that if he did not prove by the greater weight of the evidence that he was free from negligence which contributed to the collision, he could not recover. And the fifteenth was a substantial repetition of the twelfth directing the jury's attention specially to the question whether he should have looked and listened before going upon the track. We think these instructions misleading and calculated to draw the jury's attention from the simple question whether the plaintiff, at that time and place, was conducting himself as would an ordinarily prudent person under the same or similar circumstances, and particularly mischievous in twice directing the jury's attention to the admitted fact that the plaintiff did not look east before he went upon the track. It is said in *Chicago, W. & V. Coal Co. v. Moran,* 210 Ill. 9, 14: "It is not a proper practice to give instructions creating the impression that particular evidence or a particular fact is of prime importance in the view of the court, and laying special stress upon it." See also, *Eckels v. Muttschall,* 230 Ill. 462, and *Fisher v. City of Geneseo,* 154 Ill. App. 288.

Defendant's instructions were all written on. paper bearing its attorney's card in watermark. The plaintiff vigorously urges that as error, charging that they were written on paper bearing the business card of defendant's attorneys that tried the case, thereby advising the jury that the court agreed with the defendant in its contentions. Defendant answers that it was an inadvertence which should be excused on the ground that the mark would probably not be noticed by the jury if they read the instruction, which is probably true. And while it should not have occurred, still that cannot be presumed to have much influence on the verdict.

Defendant attempts to avoid some of the errors by

Edwall v. C., R. I. & P. Ry. Co., 208 Ill. App. 489.

stating rules of the trial court which are not in the record and therefore cannot be considered.

A brother-in-law of one of the firm of defendant's attorneys (not the one that tried the case) was accepted on the jury without plaintiff's knowledge of that relation. Affidavits are filed here tending to show that the juror evaded questions put to him on his *voir dire* that ought to have developed the fact, and defendant's attorneys differ from the plaintiff's counsel as to what did occur, but admit that the brother-in-law sat on the jury. We do not regard this reversible error, but are of the opinion that plaintiff's attorneys should have been advised by counsel of the relation.

There was material error in defendant's tenth given instruction occasioned by the use of the word "as" instead of "is." Defendant claims the proper word was used in the instruction read to the jury, and that the error arises from a mistake in copying the instruction into the record, and has filed an additional record corrected in that respect. Plaintiff moved to strike that record from the files, and we took the motion with the case. We have not considered or discussed that error in deciding the case. In our opinion the result does not depend upon that question, but to complete our record we deny that motion of the plaintiff.

We conclude that the record shows errors so prejudicial to the plaintiff that he is entitled to another trial of the issues involved; therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*