Clarence E. Dille, Plaintiff-Appellant, v. Keith E. Eads, Defendant-Appellee.

Gen. No. 10,228.

Third District.

April 21, 1959.

Released for publication May 14, 1959.

Emerson Baetz, of Alton, for plaintiff-appellant.

Jack McDonald, of Carrollton and G. R. Schwarz, of Jerseyville, for defendant-appellee.

PER CURIAM.

Plaintiff filed suit to recover damages for personal injuries received in an automobile accident. Defendant filed an answer and counterclaim. A trial by jury resulted in a verdict finding the defendant not guilty as to plaintiff's complaint and finding plaintiff guilty on the counterclaim. After judgments on the verdict a post-trial motion for new trial was filed by plaintiff. The post-trial motion was denied and this appeal followed.

This appeal is predicated on the following alleged errors, to wit: (1) error in refusing to grant a challenge for cause of one juror (2) improper drawing of the jury (3) failure of counsel for defendant to disclose to plaintiff's counsel certain relationships between two jurors and certain of defendant's counsel (4) participation of the County Judge in the trial of the case on behalf of defendant, which it is claimed prejudiced the plaintiff and warranted the granting of a new trial.

At the outset we note that the record before us does not include a full and complete report of proceedings at the trial. There is a partial report of proceedings, intended to disclose what transpired when the court refused to permit the challenge for cause of the juror. There is also a report of proceedings covering the proceedings at the hearing on the post-trial motion.

■ From the record before us it appears that the trial of this case commenced on May 21, 1958. After the jury had been examined on voir dire and had been sworn to try the issues of the case, counsel for plaintiff made an oral statement to the court out of the

302

presence of the jury. This statement undertook to state counsel's recollection of what had transpired in the examination of one juror who had, during the examination, been challenged for cause by plaintiff's counsel. In the colloquy that ensued between counsel, it is apparent that there was disagreement between counsel as to what had transpired on the voir dire examination. Counsel for plaintiff then renewed his challenge for cause which the court again denied. The record before us does not show the entire examination of the juror in question on his voir dire. It likewise does not show that *at the time* the challenge for cause was first interposed, counsel for plaintiff had exhausted his peremptory challenges. In the absence of such showing this court cannot review the action of the trial judge in denying the challenge for cause. Reisch v. People for Use of Stringer, 130 Ill. App. 164.

 Upon the hearing of the post-trial motion the court permitted counsel for plaintiff to call witnesses to testify, in support of certain of the grounds assigned for new trial. Among these witnesses was the clerk of the Circuit Court of Jersey County. He testified that the petit jury drawn for the March, 1958 term of the circuit court was drawn from the jury box in the office of the county judge; that the witness, the county clerk and the county judge were present; that the county judge could have drawn some of the names of prospective jurors from the jury box. On the basis of this testimony it is claimed by counsel for plaintiff that the petit jury was not drawn in accordance with the provisions of Ill. Rev. Stat. 1957, Chap. 78, Sec. 8. The claimed error is not preserved for review by this court. Where a panel of jurors is not drawn in accordance with the provisions of the statute, the proper procedure is to challenge the array. When an objecting

303

■

party has entered upon the business of selecting a jury, from such panel, he waives his right to challenge the array and waives any objection which he might have taken to the organization of the panel. Veer v. Hage-mann, 334 Ill. 23, 165 N. E. 175.

■ Two of the jurors who tried the case were called as witnesses, on the hearing of the post-trial motion. The purpose of their testimony was to show that one of the jurors was the husband of the secretary and court reporter of the county judge who participated in the trial and that the other juror was the wife of an employee of one of co-counsel for defendant and that these relationships were not disclosed to counsel for plaintiff. Counsel for plaintiff contends that counsel for defendant, knowing of these relationships, were obliged to advise him thereof and that their failure to do so constituted prejudicial error. In a similar situation in Edwall v. Chicago, R. I. & P. Ry. Co., 208 Ill. App. 489, a like contention was rejected. Aside from this, however, here again we do not have before us the full examination of these jurors on voir dire. Questions to prospective jurors, designed to disclose a personal relationship of a prospective juror to counsel or the parties, or a relationship, business or otherwise, on the part of members of the family of the juror to counsel or the parties, have come to be stock and routine questions. There is nothing to indicate that counsel for plaintiff was in any way restricted in his voir dire examination of these two jurors or that he could not have learned of the relationships through the ordinary method of examination. There is no merit in this point.

Finally, it is urged that the County Judge of Jersey County was prohibited under the law from practicing law in the circuit court and that his appearance at the trial and participation in the trial was prejudicial to

the plaintiff. The case of Schnackenberg v. Towle, 4 Ill.2d 561, 123 N.E.2d 817, is relied upon in support of this contention. From the record, as heretofore noted, the county judge was one of the officials who participated in the drawing of the petit jury which tried the case. It also appears that he was the presiding judge of the Circuit Court of Jersey County at the March 1957 term and again at the September 1958 term. This case was tried at the March 1958 term. It further appears that the county judge was not noted as counsel for defendant in the first instance when the answer and counterclaim were filed but that he did appear on defendant's side of the trial table when the trial was commenced and during the trial, and that he actively participated in various phases of the trial.

The Schnackenberg case, supra, is a landmark in Illinois jurisprudence. It has provoked much discussion among the members of the bench and bar. It has provoked speculation among the judges of the county courts of this state as to whether or not it bars a county judge from practicing law in the circuit courts and the county courts of counties other than the county from which a particular judge is elected. In the past, it has been common practice for county judges to practice law generally in all courts except the county court of the county from which they are elected. In fact, in the case at bar, it was disclosed on oral argument before this court, that the county judge here involved not only maintains an office as county judge but also is associated in a law office with one of counsel for defendant in the general practice of law.

A careful examination and analysis of the Schnackenberg case, supra, discloses that what is said therein with reference to the practice of law by circuit judges is equally applicable to county judges. We point out

305

some of the major applications. In overruling the early cases where meager remuneration was a vital factor, the court said:

"Where, however, the remuneration is generally deemed adequate, as is the case with judges of the Supreme Court and the courts of general original jurisdiction, *and as may be the case with judges of other courts,* inadequate remuneration no longer compels a deviation from propriety, or sanction of, a practice incongruous with the judicial office. When the reason for a rule disappears, the rule itself should disappear." (Emphasis supplied.)

Since 1925 there has been a steady increase in the salary of county judges by successive acts of the legislature. The first occurred in 1945, again in 1951, again in 1953, and again in 1957. The current salary of the County Judge of Jersey County is $7,500 per year with the county obligated to furnish an office, secretary and court reporter, books, stationery, supplies, and the like, in addition thereto. And in passing, it is a matter of common knowledge that the last salary increase obtained from the legislature in 1957, was induced in part at least, by the plea that under the holding of the Schnackenberg case, it was doubtful whether county judges could any longer engage in the general practice of law.

Again in the Schnackenberg case, the Supreme Court in rejecting the contention that section 10 [Ill. Rev. Stats. 1957, ch. 13] of the Attorneys & Counsellors Act in effect permitted the practice of law by a circuit judge in circuit courts of the state other than the one in which he was commissioned (in that case the Circuit Court of Cook County) the court observed:

306

"While the circuit court of Cook County may be territorially apart, it is still but a unit in the State-wide judicial system of circuit courts. One commissioned as a circuit judge is not confined to performing his office within the territorial limits of the circuit where elected but is expressly authorized, and sometimes required, to sit in other circuits within the State. (See Ill. Rev. Stat. 1953, chap. 37, pars. 72.29 and 72.30.) When he does so, he has all the powers of the regularly elected judges of the circuit. . . . Since the same evils would attend the judge's practicing law in any circuit where he was qualified to preside, we conclude that the legislative inhibition was directed to the broad aspects of his commission and was not intended to apply only in the circuit from which he was elected."

The same provision in section 10 of the Attorneys & Counsellors Act as it applies to circuit judges is also found in section 10 with reference to county judges. Since the Schackenberg case was decided, the legislature has provided for unlimited interchange of judges in this state. Thus county judges may and do preside in circuit courts downstate and in Cook County. They also preside in county courts in counties other than the one in which they are elected. They are a part of a state wide judicial system of courts. In fact, in the case at bar, the county judge involved presided at terms of the circuit court both before and after the trial of this case. In addition, and worthy of note as evidence of a legislative intent to make county judges part of the judicial unit, it is now provided that a portion of their salaries are payable by the State of Illinois.

The final observation of the Supreme Court is likewise applicable to county judges:

". . . the policy of keeping our courts free from suspicion would be difficult, if not impossible, to maintain if this court gave judicial sanction to one whom the people have elected a judge, with State-wide power, to engage for personal gain in the partisan practice of law."

We are therefore disposed to agree with the basic contention of counsel for plaintiff, i. e., that the appearance and active participation of the county judge in the trial of this case was improper. It does not necessarily follow that a new trial should have been granted because of this impropriety. While it is not difficult to surmise that it was contemplated that the appearance of the county judge at the trial table on the defendant's side and his active participation in the trial would have a salutary effect on the jury, we must presume that it had no prejudicial effect in the absence of objection and a showing to the contrary. Had timely objection been made to the appearance of the county judge as one of the attorneys for defendant, we are of the opinion that it would have been the duty of the trial judge to have required his withdrawal in the case and to require defendant to proceed with his other counsel or to afford opportunity to the defendant to secure other additional counsel if he so desired. However, timely objection was not made.

Accordingly the judgment of the Circuit Court of Jersey County will be affirmed.

### Supplemental Opinion

PER CURIAM.

The Court on its own motion reconsiders the opinion heretofore filed in this cause and hereby orders that all reference to the propriety of a county judge prac-

ticing law is hereby deleted. The question was not presented to the trial court and consequently is not before us on review.

Affirmed.