**Walter R. Swan and Wilbur P. Cooper, Administrators, Appellees, v. Boston Store of Chicago, Appellant.**

**Gen. No. 19,976.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed December 31, 1914.

### Statement of the Case.

Action by Walter R. Swan and Wilbur P. Cooper, administrators of the estate of Eugene E. Swan, against the Boston Store of Chicago for wrongfully causing the death of plaintiff's intestate, a boy five years old. On the first trial the plaintiffs secured a judgment for ten thousand dollars, and on appeal such judgment was reversed and the cause remanded (177 Ill. App. 349). At this second trial a judgment of five thousand dollars was rendered in favor of the plaintiffs, and the defendant appealed.

WINSTON, PAYNE, STRAWN & SHAW for appellant; EDWARD W. EVERETT and CHARLES J. MCFADDEN, of counsel.

FREDERICK Z. MARX, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Swan et al. v. Boston Store of Chicago, 191 Ill. App. 84.

## Abstract of the Decision.

1. ELEVATORS, § 22*—*when finding of negligence sustained by evidence.* Evidence *held* to show that a five-year-old boy was killed by the sudden starting of an elevator when his one foot was on the floor as he was about to leave the elevator, causing him to fall into the elevator shaft, even though one witness answered a question as to the length of time of the accident,—which question enumerated a member of supposed happenings, such as a supposition that the boy was off the car and jumped to get on it,—in the affirmative.

2. NEGLIGENCE, § 107*—*when negligence of parent will be imputed to child.* In an action by parents, or personal representatives, the negligence of such parents of a child of tender years, which contributes to an injury resulting in death, is imputable to the child.

3. NEGLIGENCE, § 202*—*when question of imputed negligence for jury.* The rule that the question as to whether or not a person is in the exercise of ordinary care is usually for the jury, is applicable to a case where a mother is charged with negligence contributing to the injury of her child.

4. ELEVATOR, § 7*—*what duty of operator.* Persons operating elevators are carriers of passengers, and such passengers have a right to rely for their safety upon the efficient management of the conductor thereof.

5. NEGLIGENCE, § 109*—*when parents negligent as matter of law.* Evidence *held* not to show as a conclusion of fact or as a matter of law that a mother of a five-year-old boy was guilty of negligence proximately contributing to the child's injury, though she released her hold of the boy while leaving the car, the accident being due to the sudden starting of the elevator.

6. ELEVATOR, § 19*—*when operator negligent.* Evidence *held* to show that an operator of an elevator was guilty of gross negligence in starting the car while passengers were alighting.

7. DEATH, § 67*—*when verdict not excessive.* A verdict of five thousand dollars for the death of a five-year-old boy killed by falling into an elevator shaft, *held* not excessive.

8. NEW TRIAL, § 28*—*when new trial properly refused.* The refusal of a new trial because a juror made incorrect and misleading answers on his *voir dire*, *held* not improper, since it did not appear that the juror was prejudiced or biased against the defendant.

9. APPEAL AND ERROR, § 474*—*when misconduct of counsel will not be considered on appeal.* A contention that an attorney made improper remarks to the jury will not be considered on appeal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

where no attention is called to the specific part of her argument which is contended to be prejudicial.

10. TRIAL, § 121*—*what argument of counsel proper.* It is not prejudicial error for an attorney to tell the jury what he considers a fair compensation for a plaintiff's injuries.

11. TRIAL, § 128*—*what remarks of counsel not objectionable.* Remarks of an attorney in a personal injury case, in stating his version of what occurred in his office, are improper, but harmless error when the result is not affected.

12. APPEAL AND ERROR, § 474*—*when objection must be made to remarks of counsel.* An appellant cannot complain of remarks of an attorney in argument when no objection was made to such remarks at the trial.