## Andreas Pienta, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 23,353. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed December 3, 1917.

### Statement of the Case.

Action by Andreas Pienta, plaintiff, against Chicago City Railway Company, defendant, to recover for personal injuries. From a judgment for plaintiff for $10,000, defendant appeals.

BENJAMIN F. RICHOLSON and CHARLES LEROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

SCOTT O. CAVETTE, VINCENT G. GALLAGHER and ERNEST MESSNER, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 191*—*when question for jury.* In an action to recover for personal injuries, where the evidence is conflicting, the question of the negligence of defendant is for the jury.

2. NEGLIGENCE, § 198*—*when contributory is question for jury.* In an action to recover for personal injuries, where the evidence is conflicting, the question of plaintiff's contributory negligence is for the jury.

3. STREET RAILROADS, § 97*—*what care required of person crossing tracks.* One crossing a street railway track is chargeable by law with the exercise of reasonable care for his own safety.

4. STREET RAILROADS, § 86*—*when liable for injury to occupant of vehicle crossing tracks.* Where one is injured by a street car while

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

driving across the track with another in a wagon, if the evidence, in an action against the street railway company to recover for such injuries, tends to prove that his injuries were the result of the negligence of defendant's employees or of the joint negligence of such employees and the driver of the vehicle, then, if the jury find that plaintiff was free from negligence, the defendant will be liable.

5. STREET RAILROADS, § 135*—*when negligence of driver of wagon struck while crossing tracks and injuring occupant is question for jury.* In an action to recover for personal injuries to one struck by a street car while crossing the track in a wagon driven by another, the question of the driver's negligence is for the jury.

6. APPEAL AND ERROR, § 1543*—*when faulty instruction on credibility of plaintiff as witness is harmless error.* While an instruction that the jury shall treat the plaintiff in the same way and subject him to the same tests as are legally applied to other witnesses is, when disconnected from other instructions, faulty, it is not reversible error where, by instructions tendered by defendant which are to be considered in connection therewith, the jury are instructed to take into consideration plaintiff's interest, but that otherwise his testimony is to be treated in the same way and subjected to the same tests as that of other witnesses.

7. INSTRUCTIONS, § 90*—*propriety of instruction on not considering statements of witnesses made out of court.* An instruction to the effect that the jury cannot consider statements made by witnesses out of court except in so far as such statements tend to affect the credibility of the witnesses making them is not erroneous except as applied to plaintiff's own testimony.

8. EVIDENCE, § 177*—*what is effect of statements of witnesses out of court as admissions binding party.* Statements of witnesses out of court are not to be regarded as admissions binding upon the interest of a party who has in no way directed the making of the statements.

9. WITNESSES, § 342*—*when evidence of contradictory statements of witness out of court is admissible.* Generally, evidence of a contradictory statement of a witness out of court is admissible solely for the purpose of showing that he has made statements tending in some material way to contradict his testimony.

10. APPEAL AND ERROR, § 1543*—*when instruction on not considering statements of witnesses out of court except on question of credibility and not excluding plaintiff is harmless error.* An instruction that the jury cannot consider statements made by witnesses out of court except in so far as such statements tend to affect the credibility of the witnesses making them is not reversible error for failing to exclude the plaintiff from its application, where the evidence does not tend to show that he made statements out of court

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

or on a former trial which materially contradicted his testimony in the last trial.

11. STREET RAILROADS, § 131*—*what evidence does not contradict testimony of plaintiff on former trial as to distance car was away.* In an action to recover for personal injuries through being struck by a street car, evidence of plaintiff on the first trial that at a certain time the car was 4 or 5 blocks away is not materially contradicted by his evidence on the second trial that at such time the car was far away.

12. STREET RAILROADS, § 152*—*when error in instruction on operation of street car is not ground for reversal.* In an action to recover for personal injuries through being struck by a street car while an instruction that "while the law does not regulate the precise rate of speed at which a street car must be run under given circumstances, it does however require that said cars be operated with reasonable care so as to prevent them from injuring others lawfully using the streets in which said cars are being operated," is, standing alone, subject to the construction that if defendant had operated its cars with reasonable care, plaintiff's injuries could have been avoided, it is not ground for reversal where other instructions correctly state the duty which the law imposed upon defendant in the circumstances, in such a manner that the jury could not have been misled.

13. APPEAL AND ERROR, § 1523*—*when inaccuracies in instructions are not ground for reversal.* Inaccuracies in some of a number of instructions are not ground for reversal, if the jury were not misled thereby when the instructions were read together.

14. JURY—*what is effect of answer of juror to question as to interest in similar case.* Failure of a juror, when asked whether he or any of his relatives had ever been in a street car accident and whether he or they had ever been interested "in a case of this kind," to disclose that his wife had met with an accident on a sidewalk and had settled a claim therefor with the city does not render his negative reply to such questions untrue.

15. DAMAGES, § 112*—*when verdict in personal injury action is not excessive.* A verdict for $10,000 for injuries to a healthy boy of 18, whereby he received two head wounds, one of which necessitated trepanning, causing him to remain in the hospital 3 weeks and resulting in necrosis of the bone and epileptic seizures and impairing his ability to earn a livelihood, is not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.