# LOGAN COLE v. STATE.

No. A-3448—Opinion Filed April 28, 1920.

(189 Pac. 201.)

(Syllabus.)

**APPEAL AND ERROR—Conviction—Sufficiency of Evidence.** A judgment of a trial court will not be reversed upon appeal when the sole question raised is based upon the contention that "the conviction is contrary to the evidence," when the record discloses competent evidence tending clearly to support the verdict of the jury and judgment rendered thereon.

*Appeal from District Court, McCurtain County; C. E. Dudley, Judge.*

Logan Cole was convicted of manslaughter, and he appeals. Affirmed.

*J. D. McLendon* and *I. C. Sprague,* for plaintiff in error.

*W. C. Hall,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Logan Cole was placed on trial at the February, 1918, term of the district court of McCurtain county upon a charge of murder and convicted by the jury of manslaughter in the first degree, and his punishment fixed at imprisonment in the state penitentiary for a term of four years.

Judgment was rendered by the trial court in February, 1918, and an appeal was lodged in this court August 22, 1918.

No briefs have been filed on behalf of the plaintiff in error, and no appearance was made for oral argument.

We have examined the record carefully, and find no error of law raised at the trial, or during the course thereof and assigned for review in this court. The only assignment of error set out in the petition in error which raises any question for consideration is based upon the contention that the verdict of the jury and the judgment of the court are contrary to the evidence. This contention is wholly without merit. The plaintiff in error admitted the killing and undertook to justify the same upon the ground of self-defense. The state at the trial put on testimony which was sufficient to support a conviction for murder if the same had been believed by the jury. The defendant offered testimony sufficient to warrant an acquittal, if his view of the case had been taken by the jury. The issues therefore were clearly drawn. The court in his instructions included a manslaughter charge. The jury convicted of manslaughter.

Under this state of the record, this court will not interfere with the verdict of the jury and the judgment of the trial court rendered thereon.

No error is disclosed by the record.

The judgment of the trial court is therefore affirmed.

DOYLE, P. J., and MATSON, J., concur.