## WARD JANES v. STATE.

No. A-3223.   Opinion Filed April 28. 1920.

(188 Pac. 201.)

(Syllabus.)

LARCENY—Sufficiency of Evidence. In a prosecution for the theft of an automobile, the evidence considered, and held sufficient to sustain conviction. and that no reversible error was committed on the trial.

*Appeal from District Court, Garfield County;* ·

*J. C. Robberts, Judge.*

Ward Jones was convicted of stealing an automobile, and he appeals. Affirmed.

*L. C. McLean,* for plaintiff in error.

The Attorney General and *W. C. Hall,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Ward Janes, was tried and convicted and was sentenced to serve a term of three years' imprisonment in the penitentiary upon an information charging the theft of one Ford autmobile 1917 model of the value of $400, from the owner, A. H. Warnaca. From the judgment an appeal was taken by filing in this court on April 22, 1918, a petition in error with case-made. No briefs have been filed.

Upon an examination of the record we find no errors of law raised by exceptions taken during the course of the trial and assigned for review in this court. The only question presented for our consideration on the record in this case is the alleged insufficiency of the evidence to support the conviction. The evidence shows that A. H. Warnaca, owner of the automobile, missed the same from his home in Enid on the 6th day of June, 1917, and a few days after the car was found in the possession of the defendant at Drumright. The body of the car had been changed; the owner and others positively identified the car; the engine number of the car was defaced and a new number put on; and the defendant had in his possession an irregular automobile license.

The testimony on the part of the defense tended to prove an alibi, and that defendant had owned the car in question for two or three weeks before the time the Warnaca car was stolen.

As a witness in his own behalf the defendant testified that he lived at Drumright, was by occupation a chauffeur, and that he bought the car in question on the 19th day of May, 1917, in Oklahoma City from a fellow by the name of Wilson, paying him therefor $275 in currency, and that

the car taken by the officers from him was the identical car.

There is a direct conflict in the testimony for the state and that for the defense. On the testimony for the state this conviction should be affirmed; if the testimony for the defendant be true, he should have been acquitted. The jury had the witnesses before them and heard them testify, and they decided that the defendant was guilty. It was for the jury to judge of the weight of the evidence and the credibility of the witnesses, and we believe that under the evidence in the case the car was sufficiently identified as that of the alleged owner.

There being no errors in the record, the judgment is affirmed.