L. F. WHITE v. STATE.

No. A-5207.   Opinion Filed June 12, 1926.
(246 Pac. 1114.)

Matson & Mathers, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county upon a charge of stealing an automobile and was sentenced to serve a term of five years in the state penitentiary. The record discloses that on May 25, 1923, Hattie Berry, who lived in Carter county, drove a new Ford automobile to Ardmore to attend a carnival. It was parked near the carnival grounds and soon thereafter she discovered it had been stolen, and she immediately reported the loss to the police. The car was found in Ardmore in September following, in the possession of one "Red" Davis. There had been a change in the engine number and some other changes in identifying marks. It was identified by Hattie Berry and her daughter by certain marks and scratches upon the car with explanation of how they came to be there. There was found in the pocket of the car a small comb and a baby's stocking, positively identified as belonging to the infant child of Hattie Berry. The automobile at the time of its discovery bore a false license number, which had been stolen from another automobile at Goree.

The defendant introduced evidence of an alibi in that he did not attend the carnival at Ardmore. He also offered evidence that he purchased the automobile for $375 under a bill of sale from Richard Roe, an oil field worker who had since left the country, and that he sold it on July 31 for $250 to "Red" Davis, in whose possession it was found. He testified that the factory numbers were not disturbed by him. He admitted on cross-examination that at least one other automobile claimed to have been stolen had passed through his hands that summer. He offered a bill of sale executed by Richard Roe before a notary public for the sale of the car on May 15th. Its admission was excluded.

It is first argued that the court erred in not permitting the jury to inspect the automobile in question. During the cross-examination and before the state closed, de-

fendant's counsel stated that he would like to have the jury look at the car then in the possession of the sheriff. The county attorney objected at that time, which was sustained, and no further request was made at any time during the trial. The viewing of the place or the retiring from court for the purpose of viewing any object or things too bulky or otherwise incapable of being brought into court is within the discretion of the trial judge. Section 2714, Comp. Stat. 1921. It would require a clear showing of abuse of discretion before a failure to permit a view of place or property would be held prejudicial. Here the question of identification of the car was fully developed, and a mere view of the car would not, we think, have aided the jury.

It is next contended that the court erred in admitting a statement by the witness Kearsey that he had wired the factory to ascertain the block or engine number in the car in question. The witness was questioned on this point, and stated that he sent a telegram to the factory, and he was asked if he got an answer, which was objected to without assigning any reason. He answered that he had, and that it was shipped to Columbus, Ohio, and that it was the same number as on the car in question. This was gone over by counsel in cross-examination as follows:

"Q. The Ford people have a branch at Columbus, Ohio? A. I don't know.

"Q. All they told you, they told this engine was shipped to Columbus, but didn't say when? A. No, sir."

This evidence was trifling and proves nothing material, and, if erroneous, was not prejudicial. A similar question was disposed of in the case of Harrod v. State, 93 Tex. Cr. R. 518, 247 S. W. 1091, wherein it was held that a statement under somewhat similar conditions was not error. Graham v. State, 28 Okla. Cr. 266, 230 P. 763.

Complaint is next made that two of the witnesses who testified for the defendant were asked on cross-examination

if they had charges of larceny of automobiles pending against them. It was stated by counsel for the state at the time that the questions were asked for the purpose of showing interest of the witnesses. One of the witnesses admitted that he had two cases pending against him, and the other, one. The cases had no connection with the defendant. After the admission of this evidence, the court on motion struck it out and admonished the jury not to consider it for any purpose. If the point testified to by these witnesses was the only evidence, the striking out of the testimony might not correct the error, but several other witnesses testified to the same matters without impeachment, and this error does not require a reversal.

It is also contended that the court erred in excluding the bill of sale dated May 15th, ten days before the larceny of the Berry car, offered by the defendant, purporting to cover his purchase of the car. On that date the defendant and Bill Roe went before a notary public and executed a bill of sale which defendant claimed passed the title to the car identified by the prosecuting witness and others. The car purporting to be transferred by the bill of sale was not present at the time of the making of the bill of sale, and the fact that the bill of sale was made was not denied. A number of witnesses, including the defendant, the notary public, and his wife testified to this fact without restriction. It was the theory of the state that this was a mere preparation for the larceny. The contents of the bill of sale was not an issue. There was no prejudice to the defendant in this ruling. Addington v. State, 8 Okla. Cr. 703, 130 P. 311.

There was a direct conflict between the evidence of the state and that of the defendant. The state established the theft of the automobile at the time charged, and that it was found some three months later and its possession traced to the defendant. It was clearly identified by the owner and others. The defendant endeavored to show that

the car found was not the car of the prosecuting witness, and that the defendant came by its possession lawfully. If the jury believed the evidence for the state, the defendant was properly convicted. If they believed that of defendant, he should have been acquitted. Janes v. State, 17 Okla. Cr. 688, 189 P. 201.

The credibility of the witnesses and the weight and value to be given their testimony was for the jury. We find no error that warrants a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.