ELMER BRIXEY v. STATE.

No. A-6652.   Opinion Filed March 16, 1929.
Rehearing Denied March 30, 1929.
(275 Pac. 655.)

Jordan & Anderson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter recalled defendant, was convicted in the district court of Rogers county of the theft of a domestic animal and was sentenced to serve a term of two years in the state penitentiary.

The record discloses that on the day charged there was stolen from the premises of one L. David a red bull calf. The calf was last seen by the owner about 9 o'clock at night on March 28, and was missed early the next morning. An examination of the lot where the calf was kept showed the tracks of two men leading out of the lot, with evidence that the calf had been dragged out and through the fence where the wires had been cut, to a spot where there were tracks of an automobile. The owner telephoned the Banfield Packing Company at Tulsa, and later in the day visited the plant, and there discovered the carcass of his calf hanging in the cooling room of the slaughterhouse with the hide on it. He positively identified it from its size, color, and markings on the hide, although the same was not branded. The calf was purchased by Mr. Banfield of the packing company about 7 o'clock that morning from a man who gave his name as Paul Jones, and the witness identified defendant among a number of prisoners in the Rogers county jail as the person from whom he purchased the calf. Banfield testified that two men came to the packing plant with this truck

and one sat in the truck while the other made the sale. He was not able to identify the man in the truck. It was shown that this packing company had been purchasing property which had been stolen, and as a matter of precaution Mr. Banfield took the license number of the truck in which this calf was brought to the packing plant, and this license number was that of a truck owned by Tom Singleton, brother-in-law of defendant. It was shown that on the night of March 28, the truck was in the possession of defendant and Clarence Singleton, a son of Tom Singleton. The defense is an alibi. Defendant claims that he was out in this truck on the night in question on his way to a place in Cherokee county to look at some hogs, that the lights on the truck were extinguished by rain, and he was compelled to stay out all night and did not reach the place until about 8 o'clock on March 29. The check given in the name of Paul Jones for the purchase of the calf was never presented for payment. Defendant testified he had never sold anything to the Banfield Packing Company in his own name or any other name. Banfield testified that he not only bought the particular calf from defendant in the name of Paul Jones, but had previously dealt with him under that name, and there was introduced in evidence a check for about $43 which had been given by the Banfield Packing Company to Paul Jones which was indorsed in the name of Paul Jones and Clarence Singleton, who was with defendant on the night of March 28. The check was cashed at a bank in Claremore, the home of defendant. The evidence is circumstantial and is conflicting. The circumstances proven, however, are consistent with the guilt of defendant and inconsistent with any reasonable hypothesis or conclusion other than that of his guilt. Where the insufficiency of the evidence to support a conviction is relied on in an appeal to this court, it is

settled by many decisions that where there is evidence from which the jury may reasonably and logically find defendant guilty of the offense charged, although it is conflicting, this court will not disturb the judgment for insufficiency.

It is next urged that the court erred in admitting hearsay evidence. This assignment is directed to the manner of proving the license number of the truck alleged to have been driven by defendant on the night of the theft. At the time of the purchase of the animal in question, the witness Banfield wrote down the license number of the truck. This number was communicated to another witness on a slip of paper who testified to it. Plainly, this number was not properly proven, although a considerable portion of these circumstances were admitted without objection. See White v. State, 34 Okla. Cr. 424, 246 P. 1114.

Defendant complains that the county attorney was guilty of misconduct in the cross-examination of defendant's witnesses E. Z. Collins, Mrs. E. Z. Collins, and M. Singleton. Evidently the county attorney was seeking to show the relation, connection, or association of these witnesses with defendant. He asked if the witness Collins was charged with an offense in Cherokee county and that defendant was there attending the trial. He asked on the cross-examination of Singleton if his son Tom Singleton had been jointly charged with defendant and had been exonerated at the preliminary hearing. It is permissible, for the purpose of testing the credibility and showing his interest, to question a witness on cross-examination on matters tending to show his relation, business, social, or otherwise, with the accused, or to show bias or prejudice, friendship or enmity. The cross-examination here, however, went beyond the rule and took a range not permitted. The

objections made were sustained by the court, but he should have sharply admonished the county attorney to desist from pursuing this line of examination to the extent he did.

Proof that the check given by the Banfield Packing Company was never returned for payment, that the packing company had previously bought live stock from defendant under the name of Paul Jones, that he did not call as a witness Clarence Singleton to explain the incriminating circumstances which he was in a peculiar position to explain, with all the other circumstances detailed, convinces us that defendant is guilty as charged, and that the errors shown by the record are not of that substantial character which requires a reversal particularly as the punishment assessed is the minimum under the statute. Under the entire record there has been no miscarriage of justice.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.