## WILL MORRIS v. STATE.

No. A-6645.   Opinion Filed June 22, 1929.
(278 Pac. 401.)

P. E. Reed and John C. Graves, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Wagoner county of manslaughter in the first degree and his punishment fixed at .10 years in the state penitentiary.   Plaintiff filed his petition in error in this court with a transcript of the proceedings attached, and raises but one question:

"That the court erred in proceeding with the trial of said cause after the attention of the court had been called to the fact that since the introduction of certain testimony by the state defendant had for the first time become aware

of the fact that one of the jurors, trier of said cause, was in all probability biased and prejudiced against the defendant as set forth in the motion of the defendant to discharge the jury and declare the case a mistrial."

During the progress of the trial the following proceeding was had:

"Court having met pursuant to adjournment and now comes the defendants Will Morris and Will Kernel and move the court to discharge the jury from further consideration of this cause for the following reasons, to wit; that the defendants and their attorneys have since noon of this day been informed and therefore state and allege that one C. C. Capps or Coley Capps, a member of the jury trying the defendants in this cause, is the father-in-law of one French, who is one of the state's witnesses in cause No. 1250, entitled State of Oklahoma v. Will Morris, charged with assault with a dangerous weapon with intent to do bodily harm, which said cause is set for trial immediately after the cause now pending, and that by reason of the relationship existing between the said French and said juror these defendants' rights are prejudiced in this, that in all probability the said Capps has heard the version of said alleged assault from his son-in-law and would therefore be biased and prejudiced against these defendants, therefore these defendants move the court to permit us to examine the juror in order to learn from him of any information that he has from his son-in-law or other person as to said last mentioned offense, and that after such question if the court be of the opinion that said juror is so biased and prejudiced that the motion of the defendants be granted. These defendants by their attorneys state that this motion is not made at this time for the purpose of evading trial but in order that justice may be done. We ask that this juror be brought in and questioned before the court either in public or in private by the court, and if it appears that said juror Capps has heard of the matters involved in said cause No. 1250 and if prejudiced thereby then that said juror be discharged and a new jury impaneled without prejudice.

"By Mr. Moss: To which motion the state objects for the reason that no relationship exists between the case now on trial and the case No. 1250 referred to in defendants' motion, that at the time of impaneling the jury in the case now on trial the juror C. C. Capps, referred to in defendants' motion, in answer to questions by the state and defendants touching his qualifications to act as a juror said that he knew nothing about the facts of the case now on trial; that he had not formed or expressed any opinion as to the guilt or innocence of the defendants now on trial in this case and was not biased or prejudiced, and on such statements has been accepted as a juror by both the state and defendants; that the defendants had an opportunity to make peremptory challenges for cause which said challenges were exercised and the juror in question was not challenged by defendants and was accepted as a juror for the trial in the cause and is now a juror and a qualified juror under the law.

"By the Court: Objection is sustained.

"By Mr. Graves: The defendants each except to the ruling of the court."

This was a motion made in open court unsupported by any evidence or showing to support the same. The juror on his voir dire examination had answered all questions touching his competency as a juror favorably and had been accepted by the state and the defendant as a competent juror and had been duly sworn to try the case. The showing made by the defendant was insufficient to justify the court in calling in the juror to be examined.

In the first place the motion makes no charge that the juror is biased and prejudiced, and in the second place, even if the juror was related to the witness in another case pending against the defendant, there is no showing that there was any connection between these two cases, nor any showing that what the son-in-law would testify to in the other case would have any influence on the juror

in this case, nor was there any showing that the juror had ever talked with his son-in-law, the witness, about the facts in the case then on trial. This court has previously held that the trial court may at any time before verdict is rendered call a juror in for examination when it is made to appear to the satisfaction of the trial judge that the answers of the juror on his voir dire were false; but we find no case holding that a statement of facts like that set out in the motion in this case, even if the same were true, would justify a re-examination of the juror or a mistrial of the cause.

In the case of Stouse v. State, 6 Okla. Cr. 415, 119 Pac. 271, this court said:

"As a general rule, a verdict will not be set aside for reasons that would be sufficient to disqualify a juror on a challenge for cause, which existed before the juror was sworn, but which was unknown to the accused until after the verdict, unless it appears from the whole case that the accused suffered injustice from the fact that the juror served in the case."

The question as to whether a juror is competent is one of mixed law and fact, and the ruling of the trial court will not be disturbed unless it appears that the jury was prejudiced.

The motion of the defendant to call the juror in for further examination not stating facts sufficient to justify such examination, and no showing having been made to the court during the progress of the trial that the juror had expressed an opinion or was otherwise disqualified to render an impartial verdict in the case, the motion was properly overruled.

For the reason stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.