EDWIN SUGGS v. STATE.

No. A-7081. Opinion Filed Feb. 15, 1930.
Rehearing Denied March 15, 1930.
(285 Pac. 985.)

Sigler & Jackson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county on a charge of larceny of live stock and his punishment fixed at imprisonment in the state penitentiary for two years. It is from this conviction that he appeals. The defendant was jointly charged with Walter Smith and Charles Henderson with having stolen three cows and two heifers from one Jack Roberts, on or about the 20th day of September, 1927.

The evidence of the state was that Roberts lived a short distance west of the town of Berwyn in Carter county and that the defendant was engaged in the meat market business in the town of Berwyn; that Roberts had several head of cattle which he kept on his place west of Berwyn, and that these cattle were last seen by him on

the 19th day of September, 1927; that on the 20th day of September, 1927, the defendant shipped these particular cattle by automobile truck to Oklahoma City; that two drivers for the J. L. Wilson Truck Company of Ardmore were called to the home of Charles Henderson about 2 o'clock on the morning of September 20th, to take some cattle to Oklahoma City; that they loaded these cattle on the trucks at the Henderson place about 4 o'clock in the morning and delivered them to the Oklahoma Livestock Commission at the stock yards in Oklahoma City, upon the express orders of the defendant who was present on the Henderson farm and helped to load the cattle, and who had the proceeds of the sale of the cattle sent to him through a bank in Ardmore, Okla. The hides of these cattle were afterwards identified by Roberts as being off the cattle that were stolen from him on September 19, 1927.

The defendant admitted that he was present and helped load the cattle and that he received the proceeds from the sale of these particular cattle, but claims that these cattle had been purchased by him, from Roberts, in July, 1927, and had been kept on the Henderson place until September 20th, when they were shipped to Oklahoma City; and that defendant did not steal any cattle or assist any others in stealing any cattle from Roberts, in September, 1927. The defendant admitted everything that the state proved against him except that these were the cattle taken in September, 1927. The issue of fact before the jury was whether the cattle had been stolen by the defendant and his codefendants or whether the cattle had been purchased by defendant from Roberts. The jury found this issue in favor of the state, and, there being sufficient evidence in the record to support the verdict of the jury, the cause must be affirmed unless the

errors complained of by the defendant have deprived him of his constitutional or statutory rights.

Defendant contends that the trial court erred in admitting certain alleged incompetent, irrelevant and immaterial testimony over the objections of the defendant. The whole controversy under this assignment relates to the sufficiency of the identification of these cattle by the prosecuting witness, Jack Roberts. There was no controversy but that Roberts had stolen from him certain cattle on September 19, 1927. The controverted issue of fact in the case is whether or not the cattle Suggs sold Wilson and Company on September 20, 1927, were the cattle stolen from Roberts or whether they were cattle Suggs had bought from Roberts in July, 1927. The prosecuting witness had testified that the hides he found in Wilson and Company's hide cellar in Oklahoma City were the hides that came off of the cattle stolen from him on September 19th, and were the cattle which had been sold by defendant to Wilson and Company and the witness identified the hides then in court as being the same hides. On cross-examination the witness testified that the only way he could tell they were his hides was by the brand. On redirect examination the county attorney asked the witness if he had not testified in the preliminary hearing and if he had not at that time identified the same hides as being the ones taken from the cattle stolen from him. Defendant objected to the questions but was overruled by the court and the witness answered that he had so testified. For some reason the witness on cross-examination contradicted some of the things he had said on direct examination and the county attorney appears to have been attempting to strengthen his case by cross-examining his witness, apparently upon the theory that he was a hostile witness. While some of the questions asked were

improper, the evidence elicited thereby was not of such a nature as to require a reversal of this case. White v. State, 34 Okla. Cr. 424, 246 Pac. 1114; Foreman v. State, 38 Okla. Cr. 50, 259 Pac. 176; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277; Pruitt v. State, 43 Okla. Cr. 420, 279 Pac. 707.

This conviction does not rest entirely upon the testimony of the prosecuting witness Roberts but the circumstances independent of his testimony outside of the proof of the larceny of cattle are amply sufficient to sustain this conviction.

Finally it is contended that a new trial should be granted because of the alleged misconduct of a juror named Pace. It is contended by defendant that his counsel were misled by the answers of the juror Pace on his voir dire examination. The voir dire examination of some of the jurors was taken by the stenographer but none as to the juror, Pace. The question was first called to the attention of the trial court on the motion for new trial. J. L. Hodge, one of defense attorneys, testified that he asked the juror, Pace, if he was acquainted with Mr. Smith, Edwin Suggs and Charles Henderson and that the juror answered that he did not know Smith. The witness Hodge was corroborated by Guy H. Sigler and Edwin Suggs. The juror Pace was then called and testified in substance that he thought the question was asked if he knew Smith; that he answered that he did not know him and believed at the time he made the answer that he did not; that on the morning of the day the motion for new trial was being heard, when he took a look at Smith he remembered him as a man he had known living on a farm near him some twelve years before; that he had no feelings toward Smith.

The defendant contends from the fact that the juror testified on his voir dire that he did not know Smith, that the rights of the defendant were prejudiced thereby even though Smith was not on trial at that time. This court has gone a long way in sustaining the right of the defendant to a fair and impartial jury, but we know of no case in this court where the rule has been stretched to the point contended for by defendant. The question of qualification of the jurors is a mixed one of law and fact. Agent v. State, 18 Okla. Cr. 282, 194 Pac. 233.

The granting of a new trial is within the sound discretion of the trial court, and this court will not reverse a case unless it clearly appears from the record that the trial court abused such discretion. The evidence, taken on the motion for new trial to disqualify the juror, fails to support the contention of the defendant that the juror was disqualified or that the defendant was injured by the answers of the juror on his voir dire examination. As a general rule a verdict will not be set aside for reasons that would be sufficient to disqualify a juror on a challenge for cause which existed before the juror was sworn, but which was unknown to accused until after the verdict, unless it appears from the whole case that the accused suffered injustice from the fact that the juror served in the case. Stouse v. State, 6 Okla. Cr. 416, 119 Pac. 271; Bell v. State, 20 Okla. Cr. 289, 202 Pac. 325; Morris v. State, 43 Okla. Cr. 335, 278 Pac. 401.

The defendant was given a fair trial, and the evidence sustains the verdict of the jury.

For the reasons stated, the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent.