## WALTER SMITH v. STATE.

No. A-7400. Opinion Filed June 28, 1930.
Rehearing Denied Aug. 29, 1930.
(290 Pac. 1108.)

John L. Hodge and Sigler & Jackson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was jointly charged with Edwin Suggs and Charlie Henderson, with the crime of stealing live stock, was tried separately and convicted and sentenced to serve a term of two years in the penitentiary. Motion for new trial was filed, considered, overruled, and exceptions saved, and the case appealed by petition in error and case-made. This is a companion case to Suggs v. State, 46 Okla. Cr. 340, 285 Pac. 985.

The substantial facts are that at the time it is alleged the cattle were stolen Smith was buying cattle for Edwin Suggs; the defendant was also present at Charlie Henderson's place on the night the cattle were loaded and shipped to Oklahoma City; the defendant assisted in loading the cattle into the trucks. It is contended on behalf of the defendant that the cattle that were shipped had been bought by him from the prosecuting witness Jack Roberts earlier in the summer and he had been pasturing them near the Charlie Henderson place, and the night it is alleged the cattle were stolen, he together with another party drove the cattle a distance of about four miles to the home of Henderson, where the cattle were loaded into the trucks before daylight and hauled to Oklahoma City by parties hired for that purpose, and sold to the packing house in Oklahoma City.

About the only question to be determined in this case is the question raised by the defendant that the testimony is insufficient to sustain the conviction. An examination of the record in this case, and in the case of Suggs v. State,

supra, affirmed by this court February 15, 1930, discloses practically the same state of facts, and it is not deemed necessary to set them out in full in this case. The jury heard all the evidence and found against the contentions of the defendant upon the question of the cattle being taken, and upon the question of the identity of the cattle the testimony is conflicting. This court has held so many times that it is not necessary to cite authorities, that the jury was the sole and exclusive judges of the evidence, and the weight it would give to the testimony, and the credibility of the witnesses, and if there is any competent testimony to sustain the conviction the judgment would not be reversed on that question alone.

Many errors have been assigned by the defendant, but from an examination of them it is held they do not possess sufficient merit to warrant a reversal of this case. The defendant was accorded a fair and impartial trial by a jury of his peers. The court substantially instructed the jury as to the law. Finding no reversible error, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.