SAM McKEE v. STATE.

No. A-8034.   Nov. 6, 1931.
(5 Pac. [2d] 176.)

O. A. Cargill, Gomer Smith, and J. L. Gowdy, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for four years.

On the 15th day of August, 1931, this cause was affirmed upon failure of defendant to file brief.   On August 19, 1931, the opinion was ordered withdrawn because the plaintiff in error's time to file brief had not expired.

The record discloses that on October 24, 1929, the defendant stabbed and killed one Lide Pack, in Oklahoma City.   Judgment was entered on May 13, 1930.   The appeal was lodged in this court November 12, 1930.   It appears from the record that on the date charged defendant came to the home of deceased and there provoked a quarrel with deceased's wife; that defendant had been drinking and accused deceased's wife of getting his change out of a $10 bill, out of which he had paid one Smith for some whisky; that deceased ordered defendant to leave his house, and when he did not do so pushed him out of the door and closed it; that defendant immediately pushed open the door and stabbed deceased with a long knife, which wound proved fatal soon after being inflicted.

Defendant admitted the killing and pleaded self-defense.

Defendant contends, first, that the court erred in per-

mitting the state to introduce incompetent and immaterial testimony.

Two knives were found near the body of deceased and there was a dispute as to which knife was used by defendant in the killing. Under this alleged error, defendant complains, first, that the court erred in permitting the wife of deceased to detail a conversation had with deceased immediately after the defendant left the house, and in the absence of defendant. The particular evidence complained of is:

"I shut the door and locked it and come to Mr. Pack and he said, 'Get a doctor quick; call Tip.' Q. Did your husband speak any more after that? A. Yes, sir. Q. What did he say? A. I said, 'Did he stick you with that knife?' He said, 'Sure he did,' and that was his dying words. Q. Was that the last word he said? A. That is the last words he ever said."

Counsel for the defendant objected to the introduction of this evidence, and the court permitted it to go in on the theory that it was part of the res gestae. Teague v. State, 13 Okla. Cr. 270, 163 Pac. 954; Winfield v. State, 18 Okla Cr. 257, 191 Pac. 609; White v. State, 34 Okla. Cr. 424, 246 Pac. 1114.

The evidence complained of was admissible as part of the res gestae, and also was admissible as a dying declaration.

Under this assignment defendant also contends that the court erred in permitting Dr. Bareuky to give his opinion as to whether there would be any difference in the texture of deceased's overalls by reason of blood on the garment.

As stated before in this opinion, there was a controversy as to just what knife was used by defendant in kill-

ing the deceased. Two knives were discovered—one with a larger blade than the other—and it was the contention of the defendant that he used only the smaller knife in committing the homicide.

The doctor had testified that he had examined the body of the deceased and found only one wound, five-eighths of an inch long, and that the wound was the same size through, to and into the heart, and that the wound could not have been inflicted by the knife defendant claimed to use, since the blade was not long enough to reach the heart.

Defendant on cross-examination exhibited the overalls worn by deceased, with the cut in them, and examined the doctor as to the location of the wound with reference to the cut in the overalls. On cross-examination the county attorney asked the doctor:

"Q. Doctor, you observed the condition of this overall bib inside here, can you tell what that is on there? Mr. Smith: We will admit it is blood. Q. All right, then, we take it for granted that it is blood, would that be your judgment that is what it is? A. Yes, sir. Q. Then, the fact it has been on there for a long time and it has hardened, would that make any difference with the texture of those overalls or the hole that would be made by the knife or its appearance at this time? Mr. Smith: We are going to object to that for the reason the doctor hasn't qualified as a textile expert. (Overruled. Exception.) Q. Would it in your opinion make any difference or could there be any such difference? (Objected to. Overruled.) A. I would be of opinion it would make a difference, any moisture."

Defendant having opened the subject and exhibited the overalls with the incision and blood clots, certainly it was competent for the state to show, if it could, that time

and the hardening of the blood would make some difference in the appearance of the incision.

Since defendant was only convicted of manslaughter in the first degree, and the minimum punishment assessed by the jury, this contention would be without any merit, even if the evidence was inadmissible.

Under this assignment, the defendant further contends that the court erred in permitting the evidence man for the county attorney to testify as to the condiion of the premises where the homicide was committed some two or three hours after the stabbing of the deceased by defendant.

The record discloses that there is other testimony which shows that the conditions at the time the witness examined the premises were practically identical with the conditions at the time the homicide occurred. This contention is trivial and merits no further discussion.

Finally, defendant contends that the evidence is insufficient to support the verdict of the jury. This contention is likewise without any merit.

The evidence for the state warranted a verdict of murder. The jury, as in many cases, wholly failed to assess punishment adequate to the offense. No reason to disturb the verdict appearing, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.