IMOGENE KNICKERBOCKER, as Administratrix, etc., of VERNE H. KNICKERBOCKER, Deceased, Appellant, v. ERIE RAILROAD COMPANY, Respondent.

Fourth Department, April 1, 1936.

*Ernest S. Carnes* [*Alfred L. Hetzelt* with him on the brief], for the appellant.

*John W. Hollis*, for the respondent.

PER CURIAM. It is a cardinal principle of our common law that trial jurors shall be entirely unbiased; and when bias is disclosed, even after verdict, the courts do not hesitate to set verdicts aside. (*Slater* v. *United Traction Co.*, 172 App. Div. 404; *McGarry* v. *City of Buffalo*, 70 Hun, 597; *Knice* v. *Hedges*, 119 Misc. 1.) In the instant case the trial court declined to grant a mistrial, even on a third application, while the trial was in progress. However, upon affidavits presented to the same justice at Special Term after a verdict had been rendered for plaintiff the court granted a new trial because of bias found in a certain juror. Inasmuch as the affidavits presented warranted the court in concluding that the juror in question had been asked by defendant's counsel if he had ever had a claim for damages against " any railroad " and had responded in the negative, and inasmuch as the affidavits showed — and this without dispute — that the juror in question had had a claim against the New York Central and Hudson River Railroad Company for the negligent killing of his wife, which had been settled by a payment of money to him, and inasmuch as the affidavits further showed, also without dispute (a fact not appearing on the preceding applications during the trial), that said juror, upon being interviewed after the trial, refused to make any affidavit and stated that " he was laying for " the attorney for this defendant, we cannot disapprove the discretion exercised by the Special Term in granting a new trial.

All concur, except LEWIS, J., who dissents and votes for reversal on the facts. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order affirmed, with ten dollars costs and disbursements.