William E. Maher, Appellee, v. New York, Chicago and St. Louis Railroad Company, Appellant.

Gen. No. 39,375.

268

Opinion filed May 10, 1937. Rehearing denied May 24, 1937.

WINSTON, STRAWN & SHAW, of Chicago, for appellant; SILAS H. STRAWN, HAROLD A. SMITH and DOUGLAS C. MOIR, all of Chicago, of counsel.

JOSEPH D. RYAN and LOUIS P. MILLER, both of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

March 18, 1936, the New York, Chicago & St. Louis Railroad Company, a corporation, against whom plaintiff had a judgment for $40,000 for personal injuries, filed its motion in the nature of a petition for a writ of error *coram nobis* under the provisions of section 72 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 200; Jones Ill. Stats. Ann. 104.072, praying that judgment be vacated and that it be granted a new trial. Plaintiff filed a motion in the nature of a special demurrer to strike defendant's motion. The motion was allowed and defendant appeals.

In defendant's petition it was alleged that plaintiff brought his suit to recover damages for personal

injuries in April, 1932; that a trial of the case in April, 1934, resulted in a verdict and judgment in plaintiff's favor for $24,600; that on appeal to this court the judgment was reversed and the cause remanded for a new trial (280 Ill. App. 222); that September 23, 1935, a jury was sworn and the second trial begun; a verdict was returned in plaintiff's favor for $50,000, from which plaintiff remitted $10,000, and on October 30, 1935, judgment was entered in favor of plaintiff for $40,000. While defendant's appeal to this court from that judgment was pending, defendant on February 13, 1936, discovered that the foreman of the jury had made misstatements and had not truthfully and fully answered questions put to him on his *voir dire* examination, in that he was asked by counsel for defendant whether he or any member of his family had ever been involved in a personal injury case or whether he had ever been sued in a personal injury case, which questions were answered in the negative; that thereupon the prospective juror was examined by counsel for plaintiff who asked, "Have you ever had any experience that might prejudice you against . . . the plaintiff?" and "Nobody ever sued you for damages?" and the answers were, "No, sir."

Defendant further alleges in its petition that such answers were false in that (a) the juror on March 16, 1923, was driving a truck on a certain street in Chicago when Hugo Derrick was run over by the truck and killed; (b) April 8, 1932, a son of the juror, who then resided in the same building with his father, was sued for $25,000 for personal injuries alleged to have occurred October 21, 1931, which suit was dismissed June 7, 1933; and (c) on July 1, 1913, the juror "while employed as a brick tosser on the premises of the Baltimore & Ohio Railroad company claimed that he fell over a bolt sticking up from the bottom of one of the

cars and sustained two broken ribs.'' And it is further alleged that neither the petitioner nor his attorney learned of the falsity of the answers until February 13, 1936.

It further appears that on June 29, 1936 (No. 38,852, 286 Ill. App. 609 [Abst.]), this court affirmed the judgment of $40,000 upon the filing of a remittitur of $5,000, and thereafter defendant's petition for leave to appeal to the Supreme Court was denied, and on oral argument it was admitted by counsel for defendant that the Supreme Court of the United States had denied defendant's petition for a writ of certiorari. November 14, 1936, the order striking defendant's petition was entered.

At common law, if a judgment was erroneous in a matter of fact only, the party against whom the error was committed was entitled to have the judgment reversed in the same court on a writ of error *coram nobis. Consolidated Coal Co. v. Oeltjen,* 189 Ill. 85. The writ was allowed for the purpose of revoking the judgment for some error of fact not appearing on the face of the record. *People v. Schuedter,* 336 Ill. 244.

In *Chapman v. North American Ins. Co.,* 292 Ill. 179, the court said (p. 185): ''At common law the writ of error *coram nobis* could be sued out of the same court when a judgment at law was rendered to reverse the judgment, and before the same judge who rendered the judgment, for error of fact that might be brought to the knowledge of the court that would be sufficient, of itself, to defeat the judgment. Such error of fact which may be assigned under such writ, or by motion under section 89 [new section 72] of our Practice act, which is controlled by similar rules, must be some fact unknown to the court at the time judgment was rendered, as well as one which would have precluded the rendition of the judgment. (*Cramer v. Ill. Commercial Men's Ass'n,* 260 Ill. 516.) Familiar facts of the

character involved in this suit and which are sufficient to cause a judgment to be reversed by writ of error *coram nobis* or motion under the statute, when such facts are unknown to the judge at the time of the judgment, are, that the nominal defendant was dead, an infant without guardian, a *feme covert* or a person insane at the time of the trial.''

Counsel for plaintiff say that the appeal should be dismissed because, ''A writ of error *coram nobis* will not lie after the affirmance of the original judgment'' by a court of review, and in support of this cite *Partlow v. State,* 194 Ind. 172; *Boyd v. Smyth,* 200 Iowa 687, and cases from other jurisdictions which sustain counsel's contention. No Illinois case is cited, but in *People v. McArthur,* 283 Ill. App. 467, we passed upon the propriety of the vacating by the criminal court of a judgment of conviction based upon a motion pursuant to the provisions of section 72 of the Civil Practice Act, which had theretofore been affirmed by the Supreme Court (*People v. McArthur,* 359 Ill. 121), but the point now made was not there considered. Section 72 of our Civil Practice Act, which is the authority for the institution of the instant proceeding, provides: ''The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing made at any time within five years after the rendition of final judgment in the case.'' Ill. State Bar Stats. 1935, ch. 110, ¶ 200; Jones Ill. Stats. Ann. 104.072. We agree with counsel for defendant when they say, ''It is to be observed that the statute does not say that the right to this relief is not available in the event there has been an appeal in the principal proceeding. If that had been the intention of the legislators, that limitation on the right to

the writ would have been supplied.'' The motion to dismiss the appeal is denied.

Counsel for petitioner say that, ''The courts of last resort of numerous states have repeatedly held that parties to a lawsuit are entitled to truthful answers from prospective jurors on their *voir dire;* and that failure to disclose material facts in answer to pertinent questions by such a juror entitles the party misled to a new trial,'' and in support of this cite *Cleveland Ry. Co. v. Myers,* 50 Ohio App. 224, 197 N. E. 803; *Pearcy v. Michigan Mut. Life Ins. Co.,* 111 Ind. 59, 12 N. E. 98; *Lindemann v. San Joaquin Cotton Oil Co.,* 5 Cal. (2d) 480, 55 Pac. (2d) 870; *Knickerbocker v. Erie R. Co.,* 286 N. Y. Supp. 1001; *Clark v. United States,* 289 U. S. 1, and other cases.

In the *Myers* case, in the selection of the jury the court addressed some general remarks to the jurors and inquired whether they had any case in court, and counsel for the railway company also asked the jurors if any of their relatives ever had a claim for personal injuries. All the members of the panel remained silent. There was a verdict for plaintiff, and on a motion for a new trial it appeared that one of the jurors had, prior to the time of the trial, been in an automobile accident in which he suffered a broken neck. The motion for a new trial was overruled, but the judgment was reversed by the Court of Appeals of Ohio. The court there said (p. 805): ''If the true facts are not disclosed in response to proper inquiries on *voir dire* examination, no party ever could exercise his right to challenge upon suspicion of prejudice. A party has a right to have all proper and pertinent questions on *voir dire* examination answered truthfully. . . . If a truthful answer is not given by the juror, there is no way that a party may determine facts upon which to base a challenge upon suspicion of prejudice, or even peremptorily.''

In the *Pearcy* case (111 Ind. 59) an action was brought to recover on a life insurance policy. A new trial was asked for the reason that one of the jurors on his *voir dire* was asked whether he held a policy of insurance issued by the defendant. He answered in the negative, the truth being that he had taken out such policy for the benefit of his wife. Plaintiff having no knowledge of this fact, the circuit court of Indiana held that the juror was guilty of such concealment and misconduct as to entitle the plaintiff to a new trial. The court said (p. 62): "In this instance the appellant had a right to a full and truthful answer from Bowman, and it was his duty to make that answer without evasion, equivocation or concealment. . . . It was not incumbent upon the appellee to minutely cover by a long series of specific questions all phases of the subject, but it was enough to ask such a question as would indicate to the mind of a fair and reasonable man what information the examining counsel sought to elicit."

In the *Lindemann* case (55 Pac. (2d) 870) during the course of the trial it was discovered that one of the jurors gave untrue answers to questions on *voir dire* and it was held that a new trial may be granted on this ground if it appears that the moving party was not aware of the force of the answers until after the verdict was rendered.

In the *Knickerbocker* case (286 N. Y. Supp. 1001) the Appellate Division of the Supreme Court of New York held that it was not an abuse of the discretion of the trial judge to grant a new trial after verdict for plaintiff in a death action against the railroad, on the ground of bias of a juror who had untruthfully stated when examined by the railroad's attorney, that he had never had a claim against any railroad, and he had stated after trial that he was "laying for" the attorney for the railroad.

In the *Clark* case (289 U. S. 1) a contempt proceeding was brought against Mrs. Clark on the ground that she had wilfully, knowingly and misleadingly given answers affecting her qualifications as a juror. In confirming the judgment of conviction the court said (p. 10): "Concealment or misstatement by a juror upon a *voir dire* examination is punishable as a contempt if its tendency and design are to obstruct the processes of justice.

"There was concealment by the petitioner, and that wilful and deliberate. . . . She had been warned that disclosure would lead to challenge and rejection. With her mind full of the warning she told the part truth that was useless, and held back the other part that had significance and value. Whether this was perjury or false swearing, there is no occasion to inquire. It was a deliberate endeavor to thwart the process of inquiry, and to turn a trial into a futile form."

We think none of these cases is in point. In all of them except the *Clark* case the question arose after verdict on a motion for a new trial and before judgment. Nor are the facts substantially the same as the facts as disclosed by the petition in the instant case. In each of the cases we think it appears that the party asking the new trial might have been prejudiced by the false answers given by the prospective jurors. While in the instant case we think it clear that the questions put to the prospective juror by counsel for each party, and the answers made, tend to indicate that he would be more favorable to the defendant railroad company than to the plaintiff.

In the petition it is said that on March 16, 1923, the juror while driving a truck ran over and killed a pedestrian; that on October 21, 1931, the son of the juror was a defendant in a personal injury suit where the damages were laid at $25,000, and that on July 1, 1913,

the juror "fell over a bolt sticking up from the bottom of one of the cars and sustained two broken ribs."

In the instant case, as in all cases, "the rule of reason" must constantly be kept in mind. Judgments are not reversed for every error that appears in the record. If this were so, few if any, would be permitted to stand. But we think the true test in the case at bar is not whether the prospective juror answered truthfully and fully the questions put to him, but, Has the petitioner been prejudiced in the case? *Swan v. Boston Store,* 191 Ill. App. 84; *Pienta v. Chicago City Ry. Co.,* 208 Ill. App. 309; *Edwall v. Chicago, R. I. & P. Ry. Co.,* 208 Ill. App. 489; *Raub v. Carpenter,* 187 U. S. 159; *United States v. Rosenstein,* 34 F. (2d) 630; *O'Brien v. Gen. Accident Corp.,* 42 F. (2d) 48; *James v. State,* 68 Ark. 464; *State v. Cleary,* 40 Kan. 287; *State v. Brown,* 114 Kan. 452; *Schmidt v. Rose,* 6 Mo. App. 579; *Hays v. Thompson,* 15 Abbotte Pr. New Series, 220; *Burden v. Stevens,* 174 Okla. 312; *Suggs v. State,* 46 Okla. Crim. 340; *Sansouver v. Glenlyon Dye Works,* 28 R. I. 539; *Leeper v. State,* 29 Tex. Crim. App. 63; *Goad v. State,* 106 Tenn. 175; *Beck v. Thompson,* 31 W. Va. 459.

In the *Swan* case (191 Ill. App. 84) it was held that it was not reversible error for the trial judge to overrule the motion for a new trial because a juror had made incorrect and · misleading answers on his *voir dire* examination, since it did not appear that the juror was prejudiced or biased against the defendant.

In the *Pienta* case (208 Ill. App. 309), a suit to recover for personal injuries, a prospective juror was asked whether he or any of his relatives had ever been in a street car accident, and whether he or they had ever been interested "in a case of that kind." He replied in the negative. It afterward appeared that his wife had met with an accident on a sidewalk and had

settled a claim therefor with the city, and it was held that the reply was not untrue, and the judgment was affirmed.

In the *Edwall* case (208 Ill. App. 489) suit was brought to recover damages for personal injuries. The court there said (p. 503): "A brother-in-law of one of the firm of defendant's attorneys (not the one that tried the case) was accepted on the jury without plaintiff's knowledge of that relation. Affidavits are filed here tending to show that the juror evaded questions put to him on his *voir dire* that ought to have developed that fact. . . . We do not regard this reversible error."

In *Raub v. Carpenter* (187 U. S. 159), a motion was made to vacate a decree, one of the grounds being that one of the jurors was disqualified for service because he was under the age of 21 years and had several times been convicted of the crime of petit larceny, and it was charged that the juror had falsely answered questions put to him on his *voir dire* touching these two questions. The motion was overruled and the Supreme Court of the United States held that the matter was within the discretion of the trial court. The court there refers to *Wassum v. Feeney,* 121 Mass. 93, where that court referred with approval to *Hill v. Yates,* 12 East 229, where it was said, "where the son of a juryman unlawfully served in his father's place, and pointed out that Lord Ellenborough there 'said that he had mentioned the case to all the judges, and they were all of opinion that it was a matter within their discretion to grant or refuse a new trial on such a ground; that if no injustice had been done, they would not interfere in this mode.' "

In *State v. Cleary,* 40 Kan. 287, the court said (p. 295): "It has been decided in very many reported cases that the most important consideration in questions about the impartiality of jurors, is whether an unjust verdict

has resulted from the presence of obnoxious jurors upon the panel; if not, it would be idle to grant a new trial, which would probably be productive only of the same result.''

And in *Suggs v. State,* 46 Okla. Crim. 340, 285 Pac. 985, the court said (p. 986) : ''As a general rule a verdict will not be set aside for reasons that would be sufficient to disqualify a juror on a challenge for cause which existed before the juror was sworn, but which was unknown to accused until after the verdict, unless it appears from the whole case that the accused suffered injustice from the fact that the juror served in the case.'' To the same effect are the other cases above cited, but we think it would serve no useful purpose to discuss them.

Since it is held in the cases above cited that it is not error for the court to overrule a motion for a new trial where a prospective juror has answered falsely or has not sufficiently disclosed the facts, unless prejudice is shown, with greater reason, we think, should the court deny a new trial where the motion, under section 72 of the Practice Act, is not made until after judgment has been entered, and where, as in the instant case, the judgment has been affirmed on appeal to this court, and leave to appeal has been denied by the Supreme Court.

The order of the superior court of Cook county is affirmed.

*Order affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.