This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                        **No. A-1-CA-36320**

**LANCE SEONIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Defendant appeals from the district court's judgment in an on-record appeal, affirming the metropolitan court's sentencing order that convicted Defendant for DWI and failure to maintain a traffic lane. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition, which we have duly considered. We remain unpersuaded that Defendant demonstrated error, and affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his conviction for DWI under the impaired-to-the-slightest-degree theory of NMSA 1978, Section 66-8-102(A) (2016). [DS 6; MIO 1] *See State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (stating that "under the influence" under Section 66-8-102(A) means that the defendant was less able to the slightest degree, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the defendant and the public). Our notice observed the factual detail in the district court's memorandum opinion and the lack of the material distinctions in the docketing statement's recitation of the evidence, and, therefore, proposed to adopt the facts as described by the district court. [CN 2] Defendant's response indicates there are no inaccuracies in our understanding of the facts. [MIO 1]

**{3}** Our notice also observed that Defendant made the same sufficiency challenge

2

to the evidence in district court that he raises on appeal. [CN 2] We proposed to agree with the district court that Defendant's argument would have the appellate courts disregard their obligation to view the evidence in the light most favorable to the verdict. [RP 75] *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (explaining that the reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict"). We informed Defendant that, to the contrary, on appeal we disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. It is for the finder of fact, not the appellate courts, to resolve conflicts in the evidence and the testimony of witnesses and to determine where the weight and credibility lie. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.

{4}     We proposed to affirm viewing the following evidence with the above-stated principles in mind: Defendant was driving in two lanes of traffic, straddling the double-yellow line; the officer smelled a strong odor of alcohol from Defendant; Defendant denied, then later admitted to drinking three pints of beer; Defendant performed poorly on some field sobriety tests, demonstrating a lack of coordination and failure to follow certain instructions; and Defendant's breath-test results showed the presence of alcohol in Defendant's system just within the legal limit. [RP 74-75;

3

CN 3-4] *See State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that the evidence was sufficient to convict the defendant of DWI as having been impaired to the slightest degree where the evidence showed that the defendant "smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was speeding while driving down the middle of the road").

{5}     We informed Defendant that if he wished this Court would reach a different conclusion, then he should demonstrate why the district court's memorandum opinion and the above analysis was incorrect. In his response to our notice, Defendant simply respectfully disagrees with our assessment of the legal sufficiency of the evidence. [MIO 1] We remain unpersuaded that the evidence was insufficient for the reasons stated above and in our notice. We affirm Defendant's conviction for DWI.

{6}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**JULIE J. VARGAS, Judge**

4